## HENRY CHAMBERLAIN *vs.* JACOB J. WALKER.

If one partner advances money for the benefit of another, to relieve him from his liability for the debts of the firm, and takes his note therefor, this is to be regarded as a private transaction, and the note may be enforced without reference to the state of the partnership accounts.

WRIT OF ENTRY to foreclose a mortgage. The case was referred to an auditor, whose report was agreed in the superior court to be taken as an agreed statement of facts, and judgment was rendered thereon for the plaintiff. The defendant appealed to this court. The facts are sufficiently stated in the opinion.

*H. W. Bishop*, for the defendant.

*S. W. Bowerman*, for the plaintiff.

CHAPMAN, J. By the report of the auditor, which the parties have agreed to adopt as a statement of facts, it appears that the mortgage and note were made and delivered to the mortgagee, John Chamberlain, and that after his decease they were sold and assigned by his executors to the plaintiff. This establishes a *prima facie* case for the plaintiff.

The defendant relies upon the fact that when the mortgage and note were given he and John Chamberlain were copartners with the plaintiff and several other persons, by the name of the Dalton Woollen Company, and that the note was a partnership transaction; that therefore the plaintiff cannot maintain this action, but must resort to a bill in equity, and can recover only what may appear to be due to him as a final balance from the firm.

But it appears that the firm was subject to certain liabilities for which judgments had been recovered and executions issued; and upon these executions the defendant and several other members of the firm had been committed to jail; that John Chamberlain agreed to procure the release of the defendant and others and pay the executions, and this agreement was the consideration for which, so far as the defendant was concerned, he gave the note and mortgage in controversy. Other members gave

security for other amounts. It does not appear that this consideration has failed. When one member of a firm advances money for the benefit of another, to relieve him from his liability for the debts of the firm, and takes his note therefor, it is to be regarded as a private transaction between the two members, and not as a partnership transaction. The other members are not liable to pay the note, and have nothing to do with it. The right of the payee to collect it does not depend upon the state of the partnership affairs, nor is it necessary to investigate them in order to determine whether the note is due. The assignee has the same rights as the assignor, and the fact that he is a member of the firm does not affect his rights.

Upon the facts as stated in the case, the plaintiff is entitled to a conditional judgment.