DAVIES and another vs. SKINNER.

*October 30 — November 20, 1883.*

*(1) Pleading in justices' courts. (2) Contract between co-tenants or copartners for use of joint property.*

1. A complaint in justice's court consisting of an account, made out as a "bill rendered," for threshing grain, together with averments that the plaintiffs are partners and that the defendant is indebted to them as such in the amount of the bill and interest, and a prayer for judgment, is sufficient.

2. An express agreement by one tenant in common or partner to pay his co-tenants or copartners for the use of the joint property for his own individual benefit, is valid and may be enforced in an action at law. '

APPEAL from the Circuit Court for *Rock* County.

The opinion states the substance of the complaint, and of the evidence given on the trial in the circuit court. There was a verdict for the plaintiffs, and from the judgment entered thereon the defendant appealed.

*William Street,* for the appellant.

*J. B. Doe, Jr.,* for the respondent.

ORTON, J. This suit was brought before a justice, and the complaint consisted of an account regularly made out as a "bill rendered" for threshing oats, barley, and wheat for the defendant, together with the averments that the plaintiffs were partners and that the defendant was indebted to them in the amount of the bill and interest, and a prayer for judgment. On the trial the defendant objected to any evidence under the complaint because it stated no cause of action. We think that it was a praiseworthy model of a complaint before a justice of the peace. It informed the defendant specifically of the demand, and with commendable brevity. It is not perceived how anything else of substance could have been stated.

Davies and another vs. Skinner.

The evidence tended to prove that the plaintiffs owned two thirds of a certain threshing-machine, and that the defendant owned the other one-third, and that the plaintiffs and the defendant entered into a contract that the machine might be used to do the threshing of the defendant for the usual rates, less one third, because of the one-third interest of the defendant therein, to be paid for by his note on thirty days' time. The threshing was done according to the contract, and the note demanded and refused, and payment also refused. Many questions were raised on the trial, having reference, however, to the partnership or tenancy in common of the parties in the machine, and depending upon that relation. If this contract gave the plaintiffs a right of action at law for the sum agreed to be paid for the two-thirds use of the machine, then all the other questions are merely technical and subordinate. The charge of the court seems to have given the correct instructions upon that question, leaving the jury to find whether such a contract was made or not. The whole case rested upon that question, and the jury found for the plaintiffs, and must be presumed to have found that the contract alleged was made as testified to by the plaintiffs and their witnesses.

The plaintiffs and defendant were clearly tenants in common of the machine, but if they were copartners it would make no difference. Such a contract between copartners would unquestionably be valid. Why, not? They severed for the purpose of this contract their interest in the property, which for a time was to be used for the exclusive benefit of the defendant, who was the owner of only one third, by an agreement to pay to the plaintiff the value of two thirds of its use, to which they were entitled. This question resolves itself into the question whether tenants in common, or copartners, could make such a contract. If they can, then the law will enforce it. There is really no question of partnership, or tenancy in common, in the case, the only

question is one of contract. Could three tenants in common of a house, by an agreement, lease the house to one of them for the payment to the other two of two thirds of the value of its use, and when occupied and enjoyed under such a contract, and the payment of the rent is refused by the one-third owner, and suit is brought by the other two for their two thirds of the rent, could he object that the parties must go into chancery to close up the partnership and to dispose of the property so held in common? Partners can, at any time they see fit, sever their interests by contract, and hold each other to strictly common-law remedies. It would be the same as a balance struck on settlement, or a personal promise to pay.

In *Garret v. Taylor*, 1 Esp. Digest, N. P., 117, Lord MANS-FIELD said that, "where there had been a *severance* as above stated, one alone might sue." In 1 Parsons on Con., 164, it is said: "But it is clear that a partner may sue a copartner on an *express* agreement, and perhaps on an *implied* agreement, to do any act not involving the partnership accounts." But, better than any other authority, this court has decided this precise question in *Sprout v. Crowley*, 30 Wis., 187. Without stating the facts of that case, it is sufficient to quote the principle as stated by Mr. Justice Lyon in his opinion: "But where there is an express agreement by one partner to repay to the other his share of the advances made by the latter on account of the partnership business, the amount of such share becomes thereby the debt of the partner who has thus agreed to pay the same, which may be recovered in an action brought directly therefor, without any regard to the partnership relation existing between the parties or the state of their firm accounts."

There is no material error apparent in the record, and the verdict was unquestionably correct, in view of the evidence.

*By the Court.*— The judgment of the circuit court is affirmed.