THOMAS BOWEN *vs.* PROPRIETORS OF THE SOUTH BUILDING.

Essex. Nov. 7, 1883. — June 28, 1884. W. ALLEN & HOLMES, JJ., absent.

Under a count on an account annexed, the plaintiff may recover money to which he is entitled as commissions, for the use of chattels, for work done, for the use and occupation of rooms, and for money paid at the defendant's request, under a contract with the defendant not under seal, which has been performed.

Except for the purpose of showing title to real estate by a written lease, parol evidence is competent to show that an agreement not under seal, and signed by A., was in fact made by him in behalf of B., and that he was duly authorized to make it.

If the owner of a building agrees in writing, not under seal, with A., that, in consideration of A.'s taking care of the building, he will allow him the use of certain rooms in the building, and the owner either refuses to let A. into possession of all of the rooms, or, after he is in possession, evicts him, and lets these rooms to a third person, A. cannot maintain an action against the owner, on an account annexed, for the rent of these rooms.

FIELD, J. The plaintiff declares, on an account annexed, for commissions, for the loan of a sofa, for the care of a furnace, for cash paid out, for repair of hose, and for rent of rooms. If, under any contract with the defendant not under seal, which has been performed, the plaintiff is entitled to be paid money as commissions, or for the use of a sofa, or for the care of a

furnace, or for the repair of hose, or for the use and occupation of rooms, or if he has paid out money at the request of the defendant, he can recover therefor on an account annexed. *Lovell* v. *Earle*, 127 Mass. 546. The first written agreement was for one year from its date. The second written agreement purports to be between the plaintiff and the defendant. Neither is under seal. Except for the purpose of showing a title to real property by written lease from the defendant, it was competent to prove by oral testimony that the agreements, which were executed by one Remond, were executed for and in behalf of the defendant, and by its authority. *Huntington* v. *Knox*, 7 Cush. 371, 374. *Lerned* v. *Johns*, 9 Allen, 419. All the refusals to rule, and all of the rulings of the presiding justice, except those regarding the item for rent, were correct.

Rent reserved in a written lease under seal cannot be declared for in an account annexed; but rent agreed to be paid under a parol demise, whether written or oral, as it was formerly recoverable under a general count for use and occupation, can now be recovered under a count on an account annexed. *Warren* v. *Ferdinand*, 9 Allen, 357. If, therefore, the defendant is indebted to the plaintiff for the rent or use and occupation of real property, as there was no lease under seal, it can be recovered under a count on an account annexed. The exceptions are to the refusal of the court to rule "that there was no evidence that the plaintiff ever rented any rooms to the defendant;" and to the ruling " that the findings of the auditor furnished evidence of such use and occupation as would warrant a recovery," &c. The evidence is not all reported; and we are therefore confined to the last exception. The auditor's first report found "Balance of rent due plaintiff as per report, $247.87." In the report, the auditor finds " that the plaintiff is entitled to receive from the defendant rent for the portion of his tenement taken and let by it, it belonging to his tenement, . . . . the sum of $481.20 ;" that " the plaintiff should therefore credit the defendant with four years' rent, . . . . to wit, the sum of $233.33, which, being deducted from the rent due from the defendant, leaves as a balance of rent due to the plaintiff the sum of $247.87 (instead of item 76 excluded)." In his supplemental report the auditor corrects this item so as to read as follows: " Damages for breach

of the contract by the defendant measured as balance of rent due the plaintiff, $247.87." The result of the auditor's findings is that the defendant promised the plaintiff that, in consideration of his services, he should have the occupation of certain rooms; and that either it never let the plaintiff into possession of all of the rooms, or, if he was once let in, the defendant deprived the plaintiff of a part of the rooms, and appropriated and let them to another person, and received rent therefor at the rate of $50 per annum; and, as damages for the breach of this agreement, the auditor allowed the plaintiff a sum equivalent to the rent received by the defendant for the rooms thus taken. We infer from the report that the plaintiff was never let into possession of the rooms, which it is said the defendant appropriated. If there was any contract for the letting by the defendant to the plaintiff of these rooms, on which an action can be maintained, the remedy for a breach of it is by an action on the contract, and not on an account annexed. If no action on the contract can be maintained by reason of the statute of frauds, and the plaintiff has rendered the services, and the defendant has refused to perform the contract, which was agreed to be a payment in part for the services, the plaintiff can recover for his services what they were worth, after deducting what he has received. *Riley* v. *Williams*, 123 Mass. 506. *Parker* v. *Tainter*, 123 Mass. 185. If the plaintiff was actually let into possession of all the rooms, and the defendant has evicted him from a part, it is unnecessary to consider what other remedies the plaintiff has. There is no evidence recited that warrants the finding that the defendant became the tenant of the plaintiff, or acted as the agent of the plaintiff in letting these rooms; and, as we construe the reports of the auditor, he has not so found.

We do not think it was competent for the jury to find, on the reports of the auditor, any sum under item 76 which was "for rent of room from August 10, 1864, to date." If this were merely a misdescription of an item properly included in an account annexed, and we were satisfied that the defendant had suffered no injury, and that the merits had been fully tried, an amendment could be allowed after verdict; but, in this case, we do not know that this claim of the plaintiff could be included

in an account annexed, or has been properly tried; and the rule of damages may be different from the one applied. It is manifest that the verdict of the jury is for the amount found by the auditor, with interest. If the plaintiff elects to remit this item of $247.87, with interest, he may take judgment for the remainder, and the exceptions will be overruled; otherwise, the exceptions are sustained, and the plaintiff can apply to the Superior Court for leave to make such amendments as he may be advised. *Ordered accordingly.*

*C. Sewall,* for the defendant.

*N. J. Holden,* for the plaintiff.