## CLARA A. KITES *vs.* MYRON L. CHURCH.

Hampden. Sept. 28. — Oct. 23, 1886. DEVENS & W. ALLEN, JJ., absent.

A tenant in common of real estate may recover of his cotenant, under a count on an account annexed, one half of the amount paid for taxes assessed upon the estate.

If a tenant in common of real estate occupies the whole estate under an oral agreement to pay his cotenant for the occupation, the latter may recover for the same under a count on an account annexed, although his claim is described therein as for "rent."

CONTRACT, upon an account annexed, in two items, the first item being, " To three years' rent of undivided half of store from March 21, 1880, to March 21, 1883, at $150 per year, $450;" and the second item being, " To cash paid for taxes for 1882 on the defendant's undivided half of store property, $22.10." Trial in the Superior Court, before *Bacon*, J., who allowed a bill of exceptions, in substance as follows:

It appeared in evidence, and was admitted, that the plaintiff and the defendant were tenants in common of certain real estate in Huntington, on which was a store occupied by the defendant. The plaintiff and the defendant are brother and sister, and in-herited said estate from their father, one Lyman Church.

The defendant occupied the store for some three years after the death of his father, and the plaintiff received none of the income of the store during the time the defendant occupied the same. There was a hall over the store occupied by a masonic lodge, the income from which was received in equal moieties by both the plaintiff and the defendant.

The plaintiff, by herself and one other witness, introduced evidence tending to show that she had demanded of the defendant,

at different times, rent for her half of the store; and that the defendant had promised to pay her rent "some time," but no definite sum was ever demanded or agreed upon. This talk was during the defendant's occupancy, who occupied the entire store as a grocery.

The defendant denied that he had ever agreed to pay rent for the plaintiff's half of the store; but testified that, at the time of the first conversation with the plaintiff, when she asked him, "Are you going to pay me rent?" he said to her that she could occupy her half of the store any time she desired. One Cole testified that he was present and heard said conversation. This was all denied by the plaintiff.

There was evidence tending to show that there were other conversations, at different times, between the parties, concerning the payment of rent by the defendant to the plaintiff, substantially like the one first above mentioned, and tending to show that there was an agreement whereby the defendant was to pay the plaintiff for his use and occupation of the store.

There was no lease or written agreement between the plaintiff and the defendant relating to the defendant's occupancy of said store. There was evidence of the value of the use of the plaintiff's interest in said property as occupied by the defendant.

There was also evidence tending to show that, for the year 1882, taxes on said property were assessed properly to the heirs of Lyman Church, deceased, without designating any of them by name; that the plaintiff and the defendant were the only heirs of Lyman Church; and that, in February, 1883, the plaintiff paid the entire tax for the year 1882, assessed on said property, which amounted to $44.20

The defendant asked the judge to rule "that, if the plaintiff said to the defendant, as she testified, 'Are you going to pay me rent?' that was not a claim to be admitted into possession; that there was no evidence that the defendant made any hindrance to the occupation of the plaintiff; and that there could be no recovery in this action of the second item of the account annexed."

After the evidence and the defendant's argument were closed, the defendant asked the judge to rule that the plaintiff could not recover in this action at all, because this was an action on an

account annexed to recover rent, by a tenant in common against her cotenant. The judge declined so to rule, and ruled that the objection should have been made earlier by a plea in abatement. The judge also ruled that the word "rent" was strictly applicable only where there was a written lease, but that the plaintiff might recover under the declaration, if she had proved that the defendant orally agreed to pay the plaintiff for the use and occupation, though the parties spoke of it, and it was described in the declaration, as rent, if the parties understood it in its popular sense as the proper word to use, even when there was no lease in writing; that the law would not imply an agreement from the fact of the defendant's occupancy; that the plaintiff could recover nothing for the time the defendant occupied before such agreement was proved to have been made, but only for such time as the agreement covered after it was made; that the jury must find there was a clear agreement in order to entitle the plaintiff to recover; and that, if the rate of compensation was not agreed upon by the parties, the jury might determine what it ought to be from the evidence in the case.

The jury returned a verdict for the plaintiff for $257.06; and the defendant alleged exceptions.

*E. H. Lathrop*, for the defendant.

*W. G. Bassett & G. Kress*, for the plaintiff.

FIELD, J. The plaintiff may recover of the defendant one half of the amount of the tax paid. The Pub. Sts. *c.* 11, § 18, give the right of action, and, independently of the statute, it is probable that an action would lie, because the tax was a lien upon the land which both tenants were equally bound to discharge. *Dickinson* v. *Williams*, 11 Cush. 258. The law regards one half of the money paid to discharge this lien as money paid at the request of the defendant and for his use, and it can be recovered in an action upon an account annexed. *Nichols* v. *Bucknam*, 117 Mass. 488. *Bowen* v. *South Building*, 137 Mass. 274.

It is uncertain from the exceptions whether the court gave or did not give the first and second instructions requested. They plainly became immaterial from the instructions subsequently given. The defendant was in the sole occupation of the store. The court ruled, in effect, that if the defendant orally agreed to pay the plaintiff for the use and occupation of the store, the

plaintiff could recover, under the declaration, what the occupation was reasonably worth, from the time when the agreement was made, so long as the defendant occupied under this agreement; but that no such agreement was to be implied from the fact of the defendant's occupancy.

The defendant, at the close of his argument, requested the court to rule "that the plaintiff could not recover in this action at all, because this was an action on an account annexed to recover rent, by a tenant in common against her cotenant." By statute, as well as by usage in this Commonwealth, the word "rent" may include the compensation to be paid for the occupation of land by a tenant, whether he holds under a written lease, or at will, or at sufferance, and whether the amount to be paid has been defined by the agreement of the parties, or has been left indefinite. *Rice* v. *Loomis*, 139 Mass. 302.

If the parties have not agreed upon the amount, the law implies that the tenant has agreed to pay to his landlord what the occupation is reasonably worth. If an oral agreement between two tenants in common, that one, in consideration that he be permitted to have the sole occupation of the land, shall pay to the other whatever the occupation of the other's share shall reasonably be worth, does not in all respects constitute the ordinary relation of landlord and tenant, still the first item in the account annexed intelligibly described the claim of the plaintiff; and, if the word "rent" was not technically appropriate, it is plain that the defendant was not misled by it, and it might well be held, after the trial had proceeded without objection to the final arguments, that the cause of action was described with sufficient certainty. If the defendant had the sole occupation of the store under an express promise to the plaintiff to pay her for the occupation, the plaintiff could maintain an action for use and occupation under this agreement, and therefore could maintain an action on an account annexed; and the ruling of the court was sufficiently favorable to the defendant. *Wilbur* v. *Wilbur*, 13 Met. 404. *McKay* v. *Mumford*, 10 Wend. 351.

*Exceptions overruled.*