BENJAMIN F. DEWING *vs.* EBENEZER DEWING.

MARY L. DEWING *vs.* SAME.

Suffolk.    November 15, 1895. — February 25, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Tenants in Common — Action — Pleading — Set-off.*

*It seems,* that a tenant in common of a farm may maintain an action for money
had and received against his cotenant, to recover his share of the net profits
realized by the latter in carrying on the farm.

In an action by a tenant in common of a farm against his cotenant, to recover the
plaintiff's share of the net profits realized by the defendant in carrying on the
farm, the answer to which is a general denial, the defendant is entitled to be
allowed for his services and board, and the use of his animals and utensils; and
the defendant can also recover of the plaintiff a proportionate share of the taxes
on the farm under a declaration in set-off.

TWO ACTIONS OF CONTRACT, each upon an account annexed,
for money had and received.    The cases were tried together in
the Superior Court, without a jury, before *Dunbar,* J., who
found for the defendant in each case; and the plaintiffs alleged
exceptions.    The facts appear in the opinion.

The case was argued at the bar in November, 1895, and
afterwards was submitted on the briefs to all the judges.

*C. A. Snow,* for the plaintiffs.

*S. R. Cutler,* (*B. B. Dewing* with him,) for the defendant.

HOLMES, J.    These are actions for money had and received,
brought by two tenants in common against a third, to recover
their share of the net profits realized by the defendant in carrying
on a garden farm.    We assume without deciding, as the plain-
tiffs contend, that the actions are maintainable in Massachusetts in
this form, and that the items on their side of the account stated
by the auditor are all properly there.    St. 4 & 5 Anne, c. 16, § 27.
*Jones* v. *Harraden,* 9 Mass. 540 *n.    Shepard* v. *Richards,* 2 Gray,
424, 427, 428.    The only questions necessary to be considered
are whether, as a matter of substantive law, or at least under
the answer, which was a general denial, the defendant should

have been denied any allowance for his services and board and the use of his animals and utensils in realizing the money received by him, and whether the defendant can recover a proportionate share of the taxes under a declaration in set-off.

The question of pleading raises no difficulty. It is true that this is not a mutual account by contract between the parties, as in *Goldthwait* v. *Day*, 149 Mass. 185, but the principle is the same. The plaintiff has to prove, in the language of the statute, that the defendant has received " more than comes to his just share or proportion," and that can be determined only after making the defendant all just allowances. *Shepard* v. *Richards*, 2 Gray, 424, 427.

We are of opinion, further, that the substantive law does not forbid the allowances in question. It is true that there is no contract between the parties. We assume that the defendant could not have recovered for any part of his services if he had been the plaintiff. But when he is asked to account, it is plain that justice may require an allowance for the labor which he has contributed, for the same reasons on which it is admitted that he should be allowed for cash paid out. If the former item is excluded, it is by an arbitrary rule. No such rule is found in the words of the statute. On the contrary, the words " just share " would imply that his share is to be determined by justice, not by a fiction or a technicality. In this Commonwealth it now is settled, that even in the case of a surviving partner continuing to subject the assets of the firm to the perils of business, there is no inflexible rule against allowing him for his services if the representatives of the deceased partner elect to take a share of the profits. *Robinson* v. *Simmons*, 146 Mass. 167, 176. *A fortiori* is this true in the case of a cotenancy of land, where one tenant by his labor has realized the proceeds in which the others claim a share. The same principle applies to the allowance for animals and utensils. *Shepard* v. *Richards*, 2 Gray, 424, 427. *Ruffners* v. *Lewis*, 7 Leigh, 720, 738, 743, 744. *Gayle* v. *Johnston*, 80 Ala. 395, 401, 402. The construction of the statute in England seems to be in accordance with our views. *Henderson* v. *Eason*, 17 Q. B. 701, 720, 721.

If the foregoing allowances are made, the shares of the profits coming to the plaintiffs are less than their respective shares of

the taxes.   It is urged that in any event the defendant cannot recover anything from the plaintiffs, and that the judge erred in finding in favor of the defendant for the unpaid proportion of taxes.   Unlike the other items, the claim for contribution for taxes paid is one which can be enforced by suit on the part of the tenant who has paid them.   *Dickinson* v. *Williams,* 11 Cush. 258.   *Kites* v. *Church,* 142 Mass. 586.   It does not lose this character by being declared on in set-off.   True, it is brought into a common account with items which cannot be recovered for except so far as may be necessary in order to extinguish the plaintiff's claim, but otherwise it remains a distinct cause of action.   The surplus which the defendant recovers is not the balance of an account most of the items of which cannot be recovered for; it is the claim for taxes alone, so far as that claim has not been satisfied by the sum otherwise due to the plaintiffs.

Looking at the substantive question of policy involved, a majority of the court do not think that it would be just to lay down an absolute rule of law that the expenditures should be marshalled so that the taxes should be paid first out of gross profits, and the balance only applied to the defendant's labor, etc. This would put a cotenant who had made an honest effort to improve the property at a disadvantage as compared with one who simply had let it lie fallow.   In the latter case the claim for taxes would be indisputable.   It seems unfair to say that one who tries to make a gain in which all will share if he succeeds, necessarily shall be in a worse position unless he succeeds.

*Exceptions overruled.*