[No. 2492.]

CHAPMAN ET AL. v. DUFFY, BY NEXT FRIEND.

1.  Contracts—Infants.

One who contracts with an infant cannot avoid liability on the contract because of such infancy.

2.  Contracts—Tenants in Common.

If a tenant in common in real estate occupy the whole estate under an oral agreement to pay his cotenant for the occupancy, the latter may recover for the same in an action at law.

3.  Evidence—Summons—Authentication.

A summons purporting to have been issued by a justice of the peace, but which was not certified or authenticated, is not admissible as evidence.

*Appeal from the District Court of Arapahoe County.*

Mr. W. W. ANDERSON, for appellants.

Mr. GEORGE STIDGER and Mr. GEORGE S. REDD, for appellee.

MAXWELL, J.

Appellee, a minor, by his next friend, filed his complaint against appellants, wherein he alleged that he was the owner of an undivided one-half interest in certain lots in the city of Denver; that the defendants had occupied all of said lots since May, 1893, at an agreed price and rental of $80.00 per annum, which they refused to pay.

The answer admitted that plaintiff was the owner of an undivided one-half interest in the premises; denied the occupation thereof by the defendants under an agreement to pay rent, and alleged, that Iona Chapman, one of the defendants, was the owner of the other undivided one-half interest and also alleged certain other matters which raised no issue in the case.

There was no reply.

Trial to the court without a jury resulted in a judgment against appellants for the amount claimed.

Preceding the trial the defendants moved for judgment on the pleadings, which motion was denied, exception saved, and an assignment of error is based thereon.

In support of the motion two reasons are urged.

First, that it appears by the pleadings that the plaintiff was a minor and therefore incapable of making a contract which he could enforce.

A sufficient answer to this, is the following language of Judge Wilson of this court:

"Infants are considered in law as not being capable of adequately protecting their own interests in the making of contracts, by reason of the inexperience, want of discretion, and immaturity of judgment incident to youth. The law therefore seeks

to protect them from their own imprudence and from the imposition of others, by according to them the privilege of avoiding any contract to which they may be a party, not manifestly to their advantage and interest. This right and prerogative is personal, however, and attaches to the infant alone. Under no circumstances can it be available to or be taken advantage of by the other party to the contract. The adult who deals with an infant does so at his own risk, and with full knowledge of the fact that the latter is one for whom the law has a jealous watchfulness, about whose acts it throws its protecting shield. These principles are elementary in the law of contracts and are so universally recognized that they need no argument nor citation of authorities in their support.''—*Seaton v. Tohill,* 11 Colo. App. 211-214.

Second, that the parties were tenants in common in the premises, and an action for an accounting only, would lie to determine the amount due the plaintiff.

If a tenant in common in real estate occupy the whole estate under an oral agreement to pay his cotenant for the occupancy, the latter may recover for the same in an action at law.—*Kites v. Church,* 142 Mass. 586; *Davies v. Skinner,* 58 Wis. 638.

The court did not err in denying the motion for judgment on the pleadings.

It is contended that the court erred in striking out an exhibit introduced by appellants, and the testimony of a witness in reference thereto.

The exhibit stricken out purports to be a summons issued by a justice of the peace, some four years prior to the trial of this case, in a suit between the parties hereto.

The summons was in no manner authenticated or certified, and therefore inadmissible.

The testimony in relation to the summons was entirely immaterial to any issue in the case.

The evidence was conflicting. There is sufficient evidence in the record to support the judgment.

Under the well-settled rule of the appellate courts of this state, the judgment will not be disturbed. On the contrary it must be affirmed.

*Affirmed.*