MARY E. C. CARROLL *vs.* JOHN A. CARROLL.

Worcester.    March 9, 1905. — June 22, 1905.*

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Joint Tenants and Tenants in Common.    Landlord and Tenant.    Practice, Civil,* Auditor's report.

The mere occupation by one of two tenants in common of the premises owned in common does not render him liable to his co-tenant in an action for use and occupation, but if there is an agreement to pay rent, although no amount is named, the tenant in possession may be held to account to his co-tenant for the reasonable rent of the property used and occupied by him.

When in an action of contract the only evidence on a certain claim of the plaintiff is an auditor's report finding generally for the plaintiff and the testimony of the defendant denying the agreement or understanding on which the claim is based, a judge sitting without a jury may sustain the plaintiff's claim, as the finding of the auditor upon the general question of liability may furnish evidence of facts which are involved in or may be inferred from the general finding, and may cause the judge to disbelieve the testimony of the defendant.

Although, in the absence of an agreement on the subject, one of two tenants in common cannot charge his co-tenant a commission on rents collected as compensation for care of the property, yet an agreement to pay such a commission or compensation will be enforced.

LATHROP, J.   This is an action of contract, with a count on an account annexed, for money lent by the plaintiff to the defendant.   In the Superior Court the case was sent to an auditor who made a report which was in general in favor of the plaintiff.   On the coming in of the report, the case was tried before a judge of that court without a jury.   No question was raised as to the pleadings.   The auditor's report was put in evidence, and the plaintiff and the defendant testified.   The judge found for the plaintiff, and the case is before us on the defendant's exceptions.   But two items are in dispute, which we will consider separately.

1.   The auditor found that the plaintiff and the defendant were tenants in common of certain lands and buildings in Worcester;   that by the consent and acquiescence of the de-

* The opinion in this case was withdrawn on an application for a rehearing.   This was denied on September 5, 1905, when the case was returned to the Reporter.

fendant the plaintiff had the care of the property, collected most of the rents, and out of the rents paid interest on mortgages, taxes, repairs, and other expenses connected therewith; that the defendant occupied an office on Green Street in one of the buildings owned in common, from January, 1897, until August 8, 1902, and that the defendant should be charged with the rent of the office from July, 1898, to August 8, 1902, at the rate of ten dollars per month, which he found to be the fair rental value.

At the trial in the Superior Court the defendant testified that he occupied the premises as found by the auditor, but that there never was any understanding that he should pay rent, and that no demand had been made upon him. The bill of exceptions states that this was the only evidence upon the subject in addition to the auditor's report. The plaintiff was also charged by the auditor for rent of the premises occupied by her, but for an amount much less than that charged the defendant.

The judge refused to give the third request for instructions, which was: "That there is no evidence that it was understood that the plaintiff or defendant was to pay rent for the part of the premises occupied by each."

The mere occupation of premises owned in common by one of two co-tenants does not entitle his co-tenant to call him to account, or render him in any way liable to an action for the use and occupation of the estate. *Badger* v. *Holmes*, 6 Gray, 118. *Brown* v. *Wellington*, 106 Mass. 318. *Kirchgassner* v. *Rodick*, 170 Mass. 543. But if there is an agreement, although not definite in amount, by one tenant in common who is in occupation to pay his co-tenant therefor, this is enough to take his case out of the general rule, even if no amount is mentioned. *Kites* v. *Church*, 142 Mass. 586. Evidently the auditor found that such an agreement had been made, and was justified in holding both parties to account for the reasonable rent of the respective parts of the property used and occupied by each.

The auditor's report is made by statute *prima facie* evidence. R. L. c. 165, § 55. And, as the defendant admits, a finding upon the general question of liability may furnish the evidence of facts which are involved in and may be inferred from that general finding. *Peru Steel & Iron Co.* v. *Whipple File & Steel*

*Manuf. Co.* 109 Mass. 464.    *Holmes* v. *Hunt,* 122 Mass. 505, 515. *Newell* v. *Chesley,* 122 Mass. 522, 524.    *Quin* v. *Bay State Distilling Co.* 171 Mass. 283, 290.

The auditor's report was in evidence, and the judge was not bound to believe the testimony of the defendant.

2. The bill of exceptions states that the auditor allowed the plaintiff $340.88 as a five per cent commission on rents collected by her as compensation for the care of the property; and this the judge allowed. We are of opinion that this is governed by what has already been said.

*Exceptions overruled.*

*A. Lincoln,* for the defendant.

*J. B. Ratigan, (J. E. Swift* with him,) for the plaintiff.