LESLIE F. SIMPSON vs. THOMAS A. RITCHIE.

Waldo.   Opinion March 18, 1913.

*Association.   Assumpsit.   Contract.   Co-partners.   Consideration.   Abandonment.   Declaration.   Delivery.   Intention.   Property.   Recission.   Seal.   To Save Harmless.   Sale.   Unincorporated Association.*

1.  Partners can, any time they see fit, sever their interest by contract and hold each other to strictly common law liability.

2.  In this case, the rights of the parties are not governed by the rules of law applicable to co-partnership.

3.  The written instrument on which the action was brought shows that, although the property sold was partnership property, it was the intention of the parties to treat it as separate from other partnership matters; to sever the partnership interest in it and by agreement to hold each other to their common law liabilities, which they had a right to do.

On report.   Judgment for the plaintiff for $31 and interest from the date of the writ.

This is an action of assumpsit to recover the sum of $31.00, being the amount paid by the plaintiff as his part of the amount which the Waldo and Penobscot Coach Horse Company, of which the plaintiff was a member owed to Fred Coffin for taking care of the horse "Fernando," owned by said association.   On the 7th day of March, 1911, the association, by an agreement in writing, sold and delivered said horse to the defendant, the consideration being that the defendant was to pay Fred Coffin his bill for care of the horse, discharge his own bill for care of the horse, etc.

The defendant did not pay Coffin's bill and the plaintiff paid his share thereof, being $31.00, and this suit is to recover that amount. Plea, the general issue, and brief statement that plaintiff was one of a voluntary association and the defendant was also a member of said association.

At the conclusion of the evidence, the case was reported to the Law Court for decision.   Upon so much of the evidence as is

legally admissible, the court is to render such judgment as the legal rights of the parties require.

The case is stated in the opinion.

*Thompson & Blanchard,* for plaintiff.

*Arthur Ritchie,* for defendant.

SITTING: WHITEHOUSE, C. J., SPEAR, CORNISH, BIRD, HALEY, HANSON, JJ.

HALEY, J. This is an action of assumpsit, brought by the plaintiff, who, on the seventh day of March, 1911, and prior thereto, was one of twelve members of an association known as the Waldo and Penobscot Coach Horse Company, against another member of the association, to recover the amount paid by the plaintiff to the association, to settle a claim of Fred Coffin against the association.

The declaration contains but one count, brought upon the following writing, viz.:

"Know all men by these presents, that I, Thomas A. Ritchie of Winterport, Waldo Co., for and in consideration of the sale and delivery to me of the horse Fernando by the Waldo and Penobscot Coach Horse Co., hereby agree to pay Fred Coffin any and all bills, demands, accounts and debts he has against said Waldo and Penobscot Coach Horse Co. or any member of that Co. for care, board, feed or any way or any account against said Company or any individual member of said Company by reason of his keeping said horse Fernando, and agree to save harmless said company and each member thereof by reason of said debt in account or claim of each and every kind as herein stated. I am on my own account fully satisfied and paid for any claim or demand I have against said Co. or any member thereof in connection with my keeping said horse Fernando and am to pay D. L. Dyer twenty-nine dollars in cash on March 8, 1911, all of which is for and in consideration of the sale and delivery to me of said horse Fernando.

"Witness my hand and seal this 7th day of March, 1911.

(Signed) T. A. Ritchie.

Witness Ellery Bowden."

The case is before this court upon report for the court to render such judgment as the *legal rights* of the parties require. It is not

questioned that the plaintiff paid the amount as claimed by him, and that it was paid by the association, with assessments of other members of the association, to settle the debt due Fred Coffin, named in the above agreement.

By the wording of the agreement it would seem that the parties intended to enter into a contract under seal, but no seal was affixed, and the agreement must be treated as a simple contract between them. If the contract had been a sealed instrument, this action of assumpsit could not be maintained. *Hinkley* v. *Fowler,* 15 Maine, 289; *Porter et als.* v. *Railroad,* 37 Maine, 349; *Packard* v. *Brewster,* 59 Maine, 404; *Varney* v. *Bradford,* 86 Maine, 514; *Baldwin* v. *Emery,* 89 Maine, 497.

It is objected that this action cannot be maintained because the plaintiff and defendant are members of an unincorporated association, and that they, and their associates, are co-partners, and that one member of the co-partnership cannot sue the other members of the co-partnership for transactions growing out of the partnership business. We do not think the rights of the parties are governed by the rules of law applicable to co-partnerships. "Partners can, any time they see fit, sever their interest by contract and hold each other to strictly common law liability." *Davies* v. *Skinner,* 58 Wis., 638. The written instrument shows that, although the property sold was partnership property, it was the intention of the parties to treat it as separate from other partnership matters; to sever the partnership interest in it and, by the agreement, to hold each other to their common law liabilities, which they had a right to do. *Davies* v. *Skinner,* supra; *Burns* v. *Scott,* 117 U. S., 582; Lindley on Partnerships, Sec. 563; Dicey on Parties to Actions, page 178; *Chamberlin* v. *Walker,* 92 Mass., 429. (10 A 429).

It is also objected that it was represented to the defendant at the time of the purchase of the horse "Fernando" that the plaintiff was to have the horse, his earnings and the harness, and that he believed that the bill of sale of the horse so stated, and that it was so read to him, and that, as the association refused to transfer the harness and the earnings of the horse, he rescinded the contract and notified the association March 9th to that effect; and that he held the horse at their expense. The evidence shows that, if the defendant did attempt to rescind the contract, he abandoned the attempt as after-

wards he issued and mailed cards advertising the horse for the season of 1911, stating therein that the horse was owned by T. A. Ritchie, giving his post office address and telephone connection; and we are not satisfied that the defendant has proved that the harness and earnings were sold with the horse. The testimony and conversation connected with the transaction proved, at least by a preponderance of testimony, that they were not included in the sale.

As the defendant agreed, for a good and sufficient consideration, to hold each member of the association harmless from the bill of Fred Coffin, and as he has not held the plaintiff harmless, as the plaintiff has been obliged to pay on the bill of Fred Coffin $31, the defendant is bound to make him whole, and this action of assumpsit can be maintained for the amount paid by the plaintiff to obtain his discharge from liability upon the bill of said Coffin.

*Judgment for the plaintiff for $31 and interest from the date of the writ.*