ROSWELL L. MURRAY *vs.* MURRAY RYDER.

Lincoln.   Opinion November 15, 1921.

*Where a lessee is obliged to pay taxes assessed on the property embraced in the lease, such payment being a condition of the lease, and also pay taxes assessed on property not embraced in the lease as the assessment was made on both the leased and unleased property as an entirety, the assessment being made against the lessor, the lessee is entitled on final settlement to recover of the lessor his proportional part of the taxes.*

The plaintiff, lessor, brought suit against the defendant, lessee, to recover the value of stock sold and not replaced and of supplies used and not replaced, as provided in the agreement of letting, and also for rent.   The defendant filed an account in set-off to recover the amount of taxes paid by the defendant on the portion of the real estate reserved by the lessor.   The jury found a verdict of $1.00 in favor of the defendant.   On plaintiff's general motion for a new trial it is

*Held:*

1.   That as the entire property, both the leased and the unleased portions, was taxed to the plaintiff as an entirety and as under the lease the defendant was obliged to pay the taxes assessed upon the leased portion, and as the tax created a lien upon the whole, the defendant paying the entire tax was entitled on final settlement to recover of the plaintiff his proportional part thereof.

2.   That in this view of the law and upon the whole evidence, the verdict should not be disturbed as being manifestly wrong.

On general motion by plaintiff for a new trial. A suit brought by lessor against lessee, to recover the value of stock sold and not replaced, and of supplies used and not replaced, as provided in the lease, and also for rent. Defendant claimed on account in set-off to recover for taxes paid by him on real estate of lessor not embraced in the lease, the tax having been assessed on both portions as an entirety, he being obliged under the conditions of the lease to pay the taxes assessed on the real estate embraced in the lease. A verdict of $1.00 was returned by the jury in favor of the defendant. Motion overruled.

Case is stated in the opinion..

*Howard E. Hall,* and *A. S. Littlefield,* for plaintiff.

*W. M. Hilton,* for defendant.

Sitting: Cornish, C. J., Hanson, Dunn, Morrill, Deasy, JJ.

Cornish, C. J. On October 19, 1897, the plaintiff let to the defendant for the term of one year certain land situated in Newcastle, together with all the buildings thereon except the dwelling house and flower garden adjoining, and the hen house situated north of the dwelling house. A lease was drafted at the time setting forth all the terms of the letting and the agreements on either side, but it was not signed. However it was introduced at the trial without objection as evidence of the agreement between the parties and both concede that it truthfully sets forth the terms under which the defendant used and occupied the premises. It was a family affair, the plaintiff being the uncle of the defendant and one object of the lease being to furnish a home for a relative of both. The rent was nominal, one dollar per year. It was agreed that the lessee should provide the inmates of the dwelling with certain supplies and maintain the household specified. It was further agreed that the lessee should have the right to sell any stock which was upon the place at the time of entry, surrendering to the lessor at the termination, stock of equal value or a cash equivalent. The lessee was also to have the use of all the farming tools and implements together with the hay, feed and farm produce at the time of entry, the lessee to surrender to the lessor at the termination, "all claim to any hay, feed and produce stored on said farm at that time and necessary to maintain the stock and household until another season's crops are gathered." The lessee was to pay all taxes assessed upon the leased premises.

This arrangement was carried out and the defendant used and occupied the leased premises until June 1, 1919, a period of nearly twenty-three years, when trouble arose and the plaintiff resumed possession.   On January 28, 1920, he began this action to recover the value of the stock sold by the defendant and not replaced at the termination of the lease, the value of the crops, produce and supplies similarly used but not replaced, and for the rental for one and a half years preceding November 1, 1919, a total claim of $1,650.

The defendant pleaded the general issue and filed an account in set-off embracing the plaintiff's proportional part, estimated at one-third, of the taxes paid by the defendant upon the entire property, both upon that portion leased to the defendant and that reserved to the plaintiff, for the whole period from 1898 to 1918, this estimated one-third amounting to $164.34.

The jury found a verdict for the defendant in the sum of one dollar. The case is now before the Law Court on a general motion to set aside the verdict.   No exceptions being filed it can be assumed that proper instructions were given by the presiding Justice on all the propositions of law involved.

It is unnecessary to consider in detail the evidence of the plaintiff tending to substantiate his various claims.   These were matters particularly within the experience of a jury and their findings are not shown to be manifestly wrong.   Their conclusion would seem to have been that the total of the plaintiff's claims amounted to $163.34, because they rendered a verdict for the defendant in the sum of one dollar, and in order to reach that result, as the defendant's claim was made up of a single class, namely taxes, and amounted to $164.34, this must have been one dollar in excess of the plaintiff's adjudged claim.

The real contention here is that under the law and the evidence the defendant was not entitled to charge the plaintiff with the amounts paid for taxes on the plaintiff's property, and therefore the account in set-off should have been disallowed.

As we have already seen, the entire property consisted of two parts, one leased to the defendant, the other reserved by the plaintiff. Under the agreement, the lessee was to pay "the rent as above stated and all taxes and duties levied or to be levied thereon during the term, and also the rent and taxes as above stated, for such further time as the lessee may hold the same."   "Thereon" means of course

the premises leased. That left the taxes on the balance of the property, the dwelling house, garden and hen house, to be paid by the owner, the plaintiff. Each year the tax was assessed by the town against the plaintiff upon the real estate as a whole, making no distinction between the leased and the unleased portions, all the land being assessed at one figure, all the buildings at another, and a single tax levied upon the whole. The tax bills, which constitute a demand for payment, were sent each year to the defendant, the plaintiff being a resident of New York, and were paid by him. Up to the time of the difficulty between the plaintiff and defendant in 1919, the matter of these payments was never mentioned between them.

Under this state of facts the plaintiff contends that the defendant's payment of the portion of the tax assessed upon the plaintiff's reserved portion was entirely voluntary, and therefore cannot be recovered. In one sense it was voluntary because it was not made at the specific request of the plaintiff. But in another and a vital sense it was not voluntary because its non-payment would have led to serious consequences and would have endangered the portion held under the lease, and under such circumstances a request is implied by law.

The tax might have been assessed by the town directly against the defendant in the first instance, as being the person in possession, the statute permitting the assessment against either the owner or the person in possession. R. S., Chap. 10, Sec. 9. Had it been assessed against the defendant as the person in apparent possession clearly he would have been obliged to pay the whole for his own protection and look to the owner for his share.

The real situation here does not essentially differ from that. The assessment was a unit. A lien was thereby created, R. S., Chap. 10, Sec. 3, upon the entire property for the whole tax, upon the leased as well as the unleased portion, and this lien could have been enforced against either portion or both. In order, therefore, to protect his own interest and to remove the menace of a lien it was necessary for the defendant to pay the entire tax, not only what would be a fair proportion to cover his leased property but the balance to cover the unleased portion. The collector would have accepted nothing less. This the defendant did, and in our opinion he was well within his legal right to recover from the plaintiff for the amount so paid on a final settlement. It was similar to the payment, by one tenant in

common, of a joint incumbrance upon the estate, and in such a case the tenant so paying can recover of his cotenant his proportional part. *Dickinson* v. *Williams,* 11 Cush., 258; *Kites* v. *Church,* 142 Mass., 586. The same is true of taxes paid under like circumstances by a cotenant, *Dewing* v. *Dewing,* 165 Mass., 230.

Our statute recognizes the existence of such a reciprocal duty on the part of landlord and tenant in Chap. 6, Sec. 12, where it is provided as follows: "When a tenant paying rent for real estate is taxed therefor, he may retain out of his rent half of the taxes paid by him; and when a landlord is assessed for such real estate, he may recover half of the taxes paid by him and his rent in the same action against the tenant, unless there is an agreement to the contrary."

In the case at bar, there was an agreement that the lessee should pay all the taxes on the leased land. The lessor was necessarily obliged to pay on what was reserved. The proportion fixed by the defendant, one-third for the plaintiff and two-thirds by the defendant is an estimated figure, and under the testimony as to values would seem to be fair and just.

Our conclusion therefore is that the defendant's set-off had a substantial basis in law and in fact, and is in accord with the spirit of the decisions both in this State and Massachusetts, some of which were cited by the plaintiff. *Williams* v. *Hilton,* 35 Maine, 547; *Davis* v. *Smith,* 79 Maine, 351; *Marsh* v. *Hayford,* 80 Maine, 97; *Amory* v. *Melvin,* 112 Mass., 83; *Nichols* v. *Bucknam,* 117 Mass., 488.

*Motion overruled.*