FRANK M. JABLONSKI & another *vs.* FELICIAN ROJCEWICZ.

Worcester.    September 24, 1923. — September 26, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, PIERCE, & JENNEY, JJ.

*Practice, Civil,* Auditor, Exceptions.

Where, upon the findings by an auditor to whom was referred an action of contract under an agreement of the parties that his "report is to be final as to facts," the only judgment legally possible must be in favor of the plaintiff for an amount therein found to be due to him from the defendant, exceptions by the defendant to the refusal of a judge, at the hearing of a motion for judgment on the report, to grant rulings, in substance that facts should have been found and conclusions should have been drawn by the auditor different from those stated in his report, must be overruled.

CONTRACT for $3,000, alleged to be due to the plaintiffs for legal services.    Writ dated May 10, 1922.

The action was referred to an auditor, the parties agreeing " that the auditor's report is to be final on facts."    From the auditor's findings, it appeared that the plaintiffs had been counsel for a Massachusetts corporation, Bay State Syndicate, Inc., of which the defendant was treasurer and general manager.    The closing paragraph of his report reads: " The defendant's contention all through the hearing was that he did not hire the plaintiffs to do the work for him personally but consulted them as attorneys for the corporation.    I find on the evidence that he hired them personally and agreed to pay them the sum of $5,000 for their services, if they did what they could to save the corporation and relieve him from the anxiety of having the stockholders pursue him on account of the losses of large sums of money in the conduct of the business of which he was the head.    I

find that afterwards when the work was nearly completed that the plaintiffs and the defendant compromised and the plaintiffs agreed to take $3,000 and a claim against the corporation for $1,500, and that the defendant agreed to this compromise. For a period beginning about October, 1921, and ending about March, 1922, the plaintiffs rendered valuable services for the defendant. There was no bill rendered to anybody except after the talk of compromise and claim for $1,500 was listed as above stated. I find on all the evidence that the plaintiffs are entitled to recover the sum of $3,000, the amount claimed by them in their declaration."

The plaintiffs moved that the report of the auditor be confirmed and that judgment be entered thereon. The motion was heard by *Fosdick*, J. The defendant asked for the following "rulings:"

"1. That the services of the plaintiffs have not saved the business and therefore their contract has not been completed.

"2. That the change from the Park Trust Company to the Bancroft Trust Company is merely a change in financial agents and the business has not been saved as agreed to by the plaintiffs.

"3. That by charging $1,500 for services to the Bay State Syndicate, the plaintiffs waived the amount in their charge of $3,000 against the defendant.

"4. That on all the pleadings and the evidence the plaintiffs are entitled to no more than $1,500.

"5. That the fact that the plaintiffs intend to take no action to enforce the payment of their claim against the Bay State Syndicate, is not material, and having made the claim, the amount thereof is to be deducted from any charge they have against the defendant."

The rulings were refused and the motion was allowed. The defendant alleged exceptions.

The case was submitted on briefs.

*J. H. Meagher, E. Zaeder & J. L. Bianchi*, for the defendant.

*E. H. Vaughan, E. T. Esty & J. Clark, Jr.*, for the plaintiffs.

BY THE COURT. The plaintiffs seek in this action of contract to recover compensation for services alleged to

have been rendered by them to the defendant. The case was referred to an auditor, whose findings were to be final. No question of law was reported by him. His findings in favor of the plaintiffs were clear and consistent, positive and comprehensive. The contract was found to have been fully performed by the plaintiffs. New obligations incurred by the defendant were voluntary on his part and did not impair the contract rights of the plaintiffs. The adjustment between the parties, whereby the plaintiffs agreed to charge a specified sum to a third person, does not affect their right to collect from the defendant the amount due from him according to compromise. The only judgment legally possible on the findings made by the auditor is in favor of the plaintiffs for the amount found due by him.

*Exceptions overruled.*