## ALLEN et al. v. JONES.

(Court of Appeals of District of Columbia. Submitted February 1, 1926. Decided April 5, 1926.)

No. 4280..

1. **Tenancy in common ⬤28(3)—One cotenant cannot recover of the others for use and occupancy, in absence of agreement, ouster, or subletting (Code, § 93).**

A cotenant in partition proceeding cannot recover of his cotenants for use and occupancy of premises involved, in absence of an agreement, or actual or constructive ouster, or subletting; Code, § 93, presupposing a subletting.

2. **Appeal and error ⬤635(3)—Failure to incorporate testimony in record on appeal held not to warrant affirmance of decree requiring cotenants to account for use and occupancy.**

Failure of cotenants, appealing from decree requiring them to account to another cotenant for use and occupancy of premises, to incorporate testimony in record, held not to justify affirmance, in view of pleading and findings.

Appeal from the Supreme Court of the District of Columbia.

Suit by Rosetta Jones against Josephine Moten Allen and another. Decree for plaintiff, and defendants appeal. Reversed and remanded.

W. C. Martin and G. E. C. Hayes, both of Washington, D. C., for appellants.

Alex Wolf and Nathan Cayton, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decree in the Supreme Court of the District in a partition proceeding:

[1] The petition filed by the appellee, as plaintiff below, sets forth that she and the defendants are the heirs at law and next of kin of Mary M. Moten, deceased, and as such vested with fee-simple title to the real estate sought to be partitioned, and that since the death of Mary M. Moten the defendants "have used and occupied the said premises without paying any rental therefor to the petitioner herein." Agreeably to the prayers of the petition, the cause was referred to the auditor of the Supreme Court of the District, who found that since the death of Mrs. Moten the property had been solely used and occupied by the defendants "without the payment of rent therefor."

The decree of the court was for the sale of the premises and an accounting by the de-

fendants to the plaintiff for use and occupancy. The question for determination here, therefore, is whether one of several tenants in common may compel his cotenants to account to him for use and occupation, in the absence of an agreement, ouster, or subletting by the cotenants.

In Lyon v. Bursey, 42 App. D. C. 519, we ruled that a tenant in common is not liable to his cotenants for use and occupation, unless there has been an actual or constructive ouster of the cotenants. See, also, Meyers v. Loan & Savings Ass'n, 116 A. 453, 139 Md. 607, 615; Zwergel v. Zwergel, 194 N. W. 505, 224 Mich. 31, 36; Carroll v. Carroll, 74 N. E. 913, 188 Mass. 558.

Under the provisions of section 93 of the Code, "any tenant in common who may have received the rents and profits of the property to his own use may be required to account to his cotenants for their respective shares of said rents and profits," but this presupposes a subletting and is not applicable to the case here.

[2] Counsel for appellee contends, however, that the decree should be affirmed, because of the failure of appellants to incorporate in the record the testimony before the auditor. There is no merit in this contention. Appellee's petition specifically alleges that the use and occupation was by appellants, and the finding of the auditor is to that effect. In other words, the averments of the petition and the finding of the auditor are inconsistent with the idea that the premises were sublet by the cotenants, so that the incorporation of the testimony would have shed no light upon the question involved.

It follows that the decree must be reversed, with costs, and the cause remanded for further proceedings.

Reversed and remanded.