FRED A. HOWLAND *vs.* MARTIN L. STOWE.

Worcester.    March 8, 1934. — March 12, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, & LUMMUS, JJ.

*Tenants in Common. Practice, Civil,* Auditor: objections to report; Requests, rulings and instructions. *Trust,* Resulting. *Contract,* Implied. *Limitations, Statute of. Interest.*

In an accounting between tenants in common of real estate, neither should receive credit for contributions of money, goods or labor made by him voluntarily and without expectation or promise, express or implied, that they would be paid for.

Where a tenant in common of real estate was not ousted nor excluded therefrom, he was not entitled, in an accounting with his cotenant, to have the cotenant charged for "exclusive use of" the real estate and the "deprivation thereof" of himself.

Objections duly appended, as required by Rules 89, 90 of the Superior Court (1932), to the report of an auditor whose findings are final have no standing except as the foundation of a motion to recommit the report for the correction of errors; and are not properly before the Superior Court or this court in the absence of such a motion.

A judge, in disposing of an action upon the report of an auditor whose findings are final, need not pass upon requests for rulings of law made by the parties; his duty is merely to order the entry of the proper judgment upon the facts found by the auditor.

Where real estate was conveyed to a woman, her brother, and her son as tenants in common in consideration of a payment in cash, which the brother and the son contributed equally, and the assumption by the three grantees of a mortgage upon the property, and thereafter the three lived on the property, the woman keeping house for the two men and receiving her living from them, but no other compensation,. findings, that the undivided one-third interest taken in the woman's name went by resulting trust to the brother and the son and that each of those two really owned an undivided one-half interest, were not precluded by the fact that the three grantees assumed the mortgage.

Where one of two tenants in common brought against his cotenant an action of contract to recover the defendant's share of various sums expended by the plaintiff in the maintenance of the property, and the defendant filed a declaration in set-off to recover the plaintiff's share of various sums expended by the defendant in its maintenance, the proper inference was that the items proved formed parts of one "mutual and open account current" within the meaning of G. L. (Ter. Ed.) c. 260, § 6; and, some of the items proved having accrued

within the six years next previous to the bringing of the action, none of the items was barred by the statute of limitations.

In the action above described, it was error, by reason of said § 6, to award interest upon each item from the time of its inception; and, no demand having been made previous to the commencement of the action, the party, in whose favor the balance of the account was, should have been allowed interest on that balance from the date of the writ only.

CONTRACT. Writ dated December 21, 1931.

In the Superior Court, after the filing of a declaration in set-off by the defendant, the action was referred to an auditor, whose findings were to be final. Material findings by him are stated in the opinion. With respect to the plaintiff's objections to his report, he made the following statement therein: "Upon careful perusal of said objections it seemed to me that with very few, if any, exceptions they are objections to my findings of fact and that they are not objections raising any questions of law. So far as they raise the issue of the sufficiency of the evidence in law to support any finding of fact which I made, it would seem obvious that I am not required or allowed to make any summary of the evidence without special order of the court unless the conditions set forth in Rule 90 of the Superior Court (1932) . . . are present. It is clear that these were not present in the hearing and trial of this case. If any of the objections raise a question of law which depends upon evidence not reported, as provided for in the second paragraph of Rule 90 . . . it would seem that under said rule, upon written request presented with the objections — which request is a part of . . . [the plaintiff's] objections — I would be required to append to the report 'a brief, accurate and fair summary of so much of the evidence as shall be necessary to enable the court to determine such questions of law'; but I am in doubt whether any one of the objections raises such a question of law, and I therefore file the report, appending to it the aforesaid 'Plaintiff's Objections to Auditor's Report.'"

A motion by the plaintiff to discharge the report and the rule to the auditor was denied by *Dillon,* J., who ordered

judgment in the defendant's favor in the sum of $1,975.04. The plaintiff alleged exceptions.

*C. E. Tupper*, for the plaintiff.

*P. R. O'Connell*, for the defendant.

LUMMUS, J.   The facts appear in the report of an auditor.   A farm in Shrewsbury was conveyed on February 24, 1921, to three persons as tenants in common.   They were the defendant, his sister Caroline R. Howland, and her son, the plaintiff.   The defendant and the plaintiff each paid $2,500 on account of the purchase price, and the farm was acquired subject to mortgages for $2,800 which the grantees assumed and agreed to pay.   Caroline R. Howland paid nothing on account of the purchase price. She died intestate May 19, 1930, leaving the plaintiff and his brother George Howland as her only heirs.

All three of the cotenants lived together on the farm from the early part of 1921 until the death of Mrs. Howland.   She kept house for the two men, got her living from them, and received no other compensation.   The plaintiff worked in Worcester and did little work on the farm, but paid most of the bills.   The defendant worked on the farm, and furnished much of the food for the family table.   The parties lived together in domestic peace until after Mrs. Howland died and until the plaintiff married at some time before August 1, 1931.

On December 21, 1931, the plaintiff brought this action of contract to recover for various expenses of the maintenance of the property, covering the entire period of ownership.   The defendant filed a declaration in set-off, covering the same period, and claiming payment for labor and expenses upon the property.   On September 23, 1932, the case was referred to an auditor, whose findings of fact were to be final.

The auditor allowed the defendant for mortgage interest, $336, mortgage principal and interest, $2,889.13, and taxes for 1921, 1922 and 1923, $393, paid out of his own money, a total of $3,618.13.   The plaintiff was found to owe him half of that, or $1,809.07.   On the other hand, the auditor allowed the plaintiff for taxes paid in more recent years,

out of his own money, the amount of $1,293.09. The defendant was found to owe him half of that, or $646.55. The net balance owed to the defendant from the plaintiff, exclusive of interest, was found to be $1,162.52.

All the other items claimed by either side are disposed of by the finding of the auditor that they were voluntary contributions of labor, goods or money, made without expectation or promise, express or implied, that they would be paid for. One item in the account annexed to the plaintiff's declaration, "96. To exclusive use of land of farm in Town of Shrewsbury, Mass. and plaintiff's deprivation thereof, from March 1, 1921, to August 1, 1931, . . . $5,000," if proper for an account annexed, is disposed of by the finding that he was never ousted or excluded from the common property. *Nickerson* v. *Nickerson*, 235 Mass. 348, 352. *Carroll* v. *Carroll*, 188 Mass. 558. *Giuggio* v. *Paoli*, 244 Mass. 279.

The plaintiff brought in forty-two objections, which were appended to the auditor's report as required by Rules 89 and 90 of the Superior Court (1932). These objections had no standing except as the foundation of a motion to recommit the report for the correction of errors, which has long been the proper remedy for errors by an auditor whose findings of fact are final. *Lunn & Sweet Co.* v. *Wolfman*, 268 Mass. 345, 349, and cases cited. *McClintic-Marshall Co.* v. *Freedman*, 274 Mass. 558, 561. Compare *Spilios* v. *Papps*, 288 Mass. 23, 27. No such motion was filed. Instead, the plaintiff moved "to discharge the rule to the auditor, and the report." If allowed, that motion would not have corrected errors of the auditor, but would have annulled his work. Since the objections were not properly brought before the Superior Court nor before us, the request of the plaintiff to supplement and explain them by a brief, accurate and fair summary of evidence, as provided by the rules cited, becomes unimportant, to say nothing of the fact that the plaintiff failed to show error by the record under the practice outlined in *Pearson* v. *Mulloney*, 289 Mass. 508, 512, 513.

The printed record includes a document, containing

thirty-two numbered statements, under the heading "Plaintiff's requests for rulings and findings among other things." The statements are as varied as the heading indicates. The brief for the defendant asserts that this document was addressed to the auditor, though this is not altogether clear. If so, and if there was error in refusing any of the requests, the proper remedy was by written objection under the rules cited, followed by motion to recommit for the correction of the error. As has been shown, this remedy was not taken.

If, on the other hand, this document was addressed to the judge, it had no legal standing. Requests for rulings are useful in actions at law heard by a judge without jury, because he may make a general finding without stating the facts, and a party can have no assurance that the result was not reached through error of law except by requiring the judge, by means of requests for rulings, to instruct himself upon the law. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 17–19. *Castano* v. *Leone,* 278 Mass. 429. *Ashapa* v. *Reed,* 280 Mass. 514. In the present case, there was no need of requests. The facts were finally settled by the report of the auditor. The duty of the judge was to order the correct judgment on those facts. Any error on his part could be corrected not only upon exceptions but also by a simple appeal to this court. *Royal Paper Box Co.* v. *Munro & Church Co.* 284 Mass. 446, 449. If he should fail to order the correct judgment, right rulings upon all the requests would not save him from reversal. If he should order the correct judgment, error in responding to some of the requests would be merely academic, immaterial and harmless. In a case like this, requests for rulings have no technical standing, need not be granted or denied specifically, and amount only to arguments upon the report. *Jablonski* v. *Rojcewicz,* 246 Mass. 336. *Graustein* v. *Dolan,* 282 Mass. 579, 583, 584. *Albert Richards Co. Inc.* v. *Mayfair, Inc.* 287 Mass. 280, 284. *Eckle* v. *Ryland,* 256 Mo. 424, 438, 439. *Tevis* v. *Tevis,* 259 Mo. 19, 32.

We treat the general exception to the order for judgment

as presenting the correctness of that order upon the facts stated by the auditor.

One tenant in common may recover from another his proportionate share of money expended in paying interest or principal of a mortgage, or taxes, constituting an encumbrance upon the common property. *Dickinson* v. *Williams*, 11 Cush. 258. *Kites* v. *Church*, 142 Mass. 586, 588. *Dewing* v. *Dewing*, 165 Mass. 230, 232.

The plaintiff contends that the auditor and the judge lacked power to determine the shares in which the parties should contribute to the payments for taxes and for the interest and principal of the mortgages. It is hard to see how the plaintiff expected to recover for similar items included in his declaration without a like determination. The auditor found that the third taken in the name of Mrs. Howland went by way of resulting trust to the plaintiff and defendant, and that each really owned one half the property. That finding was not precluded by the fact that the three grantees assumed and agreed to pay the mortgages that the defendant later paid. *Davis* v. *Downer*, 210 Mass. 573, 575. *Beacon Oil Co.* v. *Maniatis*, 284 Mass. 574, 576. We think that there was no error in the finding that the expenses allowed should be divided equally between the plaintiff and the defendant.

By G. L. (Ter. Ed.) c. 260, § 6, "In an action of contract brought to recover the balance due upon a mutual and open account current, the cause of action shall be held to have accrued at the time of the last item proved in the account." *Day* v. *Mayo*, 154 Mass. 472. The mere existence of indebtedness on each side which might be set off, does not create a mutual open account current. *Harding* v. *Covell*, 217 Mass. 120, 123. The essential thing is "that there must be a mutual agreement, express or implied, that the items of the account upon the one side and the other are to be set against each other . . . so that the balance on either side is the debt between the parties." *Eldridge* v. *Smith*, 144 Mass. 35, 36. "Whatever the form of the declaration, an action upon an open and mutual account current is in effect for the balance due." *Kingsley* v.

*Delano,* 169 Mass. 285, 287. The fact that the plaintiff declares upon the items on one side of the account only, leaving his opponent to set up the items on the other side, does not prevent the action from being one "to recover the balance due upon a mutual and open account current." *Penniman* v. *Rotch,* 3 Met. 216. *Eldridge* v. *Smith,* 144 Mass. 35, 36. In the present case, each party claimed payment of items relating to the common property. Claim for taxes paid was made by each party. The judge could find, by inference from the auditor's report, and it seems to us the proper finding (*Bloom, South & Gurney, Inc.* v. *Mitchell,* 289 Mass. 376, 379), that the items allowed by the auditor formed parts of one mutual open account current. *Dickinson* v. *Williams,* 11 Cush. 258, 261. *Robinson* v. *Robinson,* 173 Mass. 233, 241. If so, since some of the items accrued within six years, none of the items were barred by the statute of limitations.

The very principle that preserves all the items of the account, however old, from the bar of the statute of limitations, shows that the award of interest upon each item from the time of its inception was wrong. No demand was made prior to the writ. The cause of action, as has been shown, was for the balance of the account, which turned out to be in favor of the defendant. Interest should have been awarded to the defendant upon the balance of $1,162.52 due him, only from the date of the writ. *Bacon* v. *Bacon,* 266 Mass. 462, 474. *Goff* v. *Rehoboth,* 2 Cush. 475. *Gay* v. *Rooke,* 151 Mass. 115. *Gould* v. *Emerson,* 160 Mass. 438, 441. Compare *Mayhew* v. *Martha's Vineyard National Bank,* 203 Mass. 511.

The result is, that the exceptions of the plaintiff are sustained, and judgment is to be entered for the defendant with damages in the amount of $1,162.52, together with interest thereon from the date of the writ, December 21, 1931, and costs. G. L. (Ter. Ed.) c. 231, § 124.

*So ordered.*