(No. 16930.—Decree affirmed.)
PERRY METSKER, Appellant, *vs.* LOUIS METSKER *et al.*
Appellees.

*Opinion filed April 23, 1926.*

1. TRUSTS—*when testator creates an active trust—partition.* A direction by a testator to sell his real estate and distribute the proceeds constitutes a legacy of money and not a devise of land, and such a trust is an active trust whether the legal title is held by the trustees or not, and a distributee cannot maintain a bill for partition.

2. SAME—*trustee may be compelled to execute trust for sale of real estate.* A trustee may be compelled to proceed with the execution of a trust imposing a duty to sell real estate if he unreasonably fails to act, or another may be appointed in his place.

3. WILLS—*when court should not assume jurisdiction to construe will.* Where there is a real question as to the construction of a will or the duty of a trustee a court of equity will take jurisdiction for the purpose of deciding the question or instructing the trustee, but where the record shows that no question requiring construction exists, the court should not assume jurisdiction to construe the will.

4. SAME—*when bill to compel the trustee to act is premature.* Where a testator directs his executors to sell his real estate and convert the same into money and at the same time gives his wife a life estate in all his real and personal estate, the only property left in trust is the remainder after the widow's life estate, and a bill filed immediately upon the death of the life tenant, who was an executrix, to compel the surviving executor to execute the trust is premature where it contains no allegations of any default of the trustees, although at the death of the life tenant the duty of the surviving trustee to sell the land, convert the estate into money and distribute the proceeds to legatees is imperative.

APPEAL from the Circuit Court of Shelby county; the Hon. FRANKLIN R. DOVE, Judge, presiding.

J. C. WILLARD, for appellant.

A. J. STEIDLEY, and WILLIAM H. CRAIG, for appellees.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

Perry Metsker, an heir and devisee of Wesley M. Metsker, filed in the circuit court of Shelby county a bill against the other heirs and devisees praying for a construction of the last will and testament of Wesley M. Metsker and the codicil thereto, for a decree determining the rights and interests of the parties, for the partition of the real estate, for the ascertainment of the indebtedness to the testator's estate of John W. Metsker, one of the heirs who had died after the death of the testator, and for the charging of the amount of any advancement found to have been made to John W. Metsker against the share of the estate which had descended to his heirs, and for such other and further relief as equity might require. A demurrer was sustained to the bill, it was dismissed for want of equity, and the complainant appealed.

The testator, who was eighty-five years old at the time of his death and was the owner of more than 250 acres of land in Shelby county and a house and lot in the village of Tower Hill, in that county, was survived by his wife, Elizabeth Metsker, five sons, three daughters and the daughter of a deceased daughter, who were his only heirs. By his will, which was executed on October 27, 1909, he devised to his wife 80 acres of land for life. He also bequeathed to her all his household and kitchen furniture, and directed that she should have during her life the annual interest upon $3000, to be paid to her by trustees named in the will, the provision in favor of the wife to be accepted

by her in lieu of dower and homestead in his real estate. He made a bequest of $500 to his grand-daughter, Merle Bottsford. The third clause of the will was as follows:

"3. The rest, residue and remainder of my estate, real, and personal, of what nature soever and wheresoever situate, including the remainder in fee of the land hereinbefore devised to my wife during her life, I give, devise and bequeath unto my executors hereinafter named, whose duty it shall be within a reasonable time after my decease, to convert the said estate into money, to sell the real estate at public or private sale, according to their best judgment, but subject to the approval of the court of proper jurisdiction, and out of the proceeds of such conversion and sale, they shall first pay my funeral expenses and all my just debts and costs of administration, and shall then set aside the sum of three thousand dollars to be held by them as my trustees and placed at interest for the benefit of my said wife as provided for in item one (1) of this will, and shall next pay to my said grand-daughter, Merle Bottsford, the said sum of five hundred dollars ($500) above bequeathed to her. The residue and remainder of my said estate shall be divided into eight equal parts or shares, one share to be paid to each of my now living children, namely: John, Martha Ann, Emma, Mary, Frederick, Augustus, Perry and Louis, or to their heirs, and in case of the death of a child, the heirs of a child to receive such deceased child's part. And whereas, I have made advancement to certain of my said children and for which I hold notes or other evidence of indebtedness on their part to me, the amount of such advancements shall be deducted from the shares respectively of such as have received or hereafter shall receive such advancement or shall be so indebted to me; without reckoning interest on said advancements."

The fourth clause of the will directed that the principal sum of $3000 set apart for the benefit of the testator's wife should be divided, after her death, into eight equal shares

among his children. His son Augustus and his wife were appointed executors and trustees under the will. On July 23, 1914, the testator made a codicil to the will, which provided, "that after the payment to my grand-daughter, Merle Bottsford of the sum of $500, as provided for in said will, I give, devise and bequeath unto my said wife, Elizabeth Metsker, all my real estate, wherever situated, in addition to that 80 acres described in said will, and all the remainder of my personal estate, to have and to hold for and during the term of her natural life, to be accepted by her in like manner as if this provision were part and parcel of said will; and this codicil shall not be so construed as to alter or affect any portion or provision of said will not above referred to in this codicil."

The testator died on September 1, 1919, his will was admitted to probate in the county court of Shelby county on September 30, 1919, and letters testamentary were issued to the executors named in the will. Upon their petition 25 acres of the land was sold under an order of the county court to pay the testator's debts, and on February 13, 1922, the final report of the executors was approved and they were discharged. Elizabeth Metsker, the widow, died on February 4, 1925. The bill, after alleging the foregoing facts, continued that the executors paid the $500 legacy to the grand-daughter, but that they created no trust fund and did not qualify as trustees but limited their acts to the administration of the estate, and Elizabeth Metsker, the widow, was in the possession of all the premises except the 25 acres sold and has enjoyed the rents, issues and profits arising from the premises; that at the time of the testator's death his son John was indebted to him in the sum of $550 as an advancement, which was never paid to the testator in his lifetime or to the executors, and should now be deducted or declared to be a charge on the share of the estate due to his heirs. It is further alleged that the codicil is in conflict with the third clause of the will, except as to

the bequest to Merle Bottsford, the deduction of advancements, the devise of the residue of the estate to be sold and the proceeds to be divided among the eight children of the testator, and except, also, the provision with reference to personal property of the testator, and that it was the intention of the testator in making the codicil that by virtue of its terms his real estate should descend to his wife for life, with remainder to his eight children or their heirs, share and share alike.

Under the will and codicil the testator's widow took a life estate in all of his land and personal property with remainder to the trustees in trust within a reasonable time after the testator's death to convert the estate into money, to sell the real estate at public or private sale according to their best judgment but subject to the approval of the court of proper jurisdiction, and out of the proceeds of such conversion and sale to pay, first, the testator's funeral expenses and debts and the costs of administration, to set aside the sum of $3000 to be placed at interest by the trustees for the benefit of the testator's widow, and next to pay the $500 legacy to the testator's grand-daughter, then to divide the residue of the estate into eight equal parts and pay one part to each of his living children who were named, deducting advancements made, the heirs of any child who had died to receive the deceased child's part. The only property thus left in trust was the remainder after the widow's life estate. The trustees (one of whom was the widow) did nothing toward the execution of the trust during the five years and more she survived the testator, perhaps not thinking her life, under the circumstances, a reasonable time in which to sell the remainder. Upon her death, however, the duty of the trustees to sell the land, convert the estate into money and distribute the proceeds to the legatees was imperative. Such a trust is an active trust whether the legal title is held by the trustees or not. (*Buckner* v. *Carr,* 302 Ill. 378; *Greenwood* v. *Greenwood,* 178 id. 387; *Ebey*

v. *Adams,* 135 id. 80.) A direction by a testator to sell his real estate and distribute the proceeds constitutes a legacy of money and not a devise of land. (*Baker* v. *Copenbarger,* 15 Ill. 103; *Sherman* v. *Flack,* 283 id. 457.) A trustee may be compelled to proceed with the execution of a trust imposing a duty to sell real estate if he unreasonably fails to act, or another may be appointed in his place. Where there is a real question as to the construction of a will or the duty of a trustee a court of equity will take jurisdiction for the purpose of deciding the question or instructing the trustee, but where the record shows that no question requiring construction exists, it is error for the court to assume jurisdiction to construe the will. *McCarty* v. *McCarty,* 275 Ill. 573; *Warren* v. *Warren,* 279 id. 217; *Greenough* v. *Greenough,* 284 id. 416; *Sherman* v. *Flack, supra; Buckner* v. *Carr, supra.*

The bill was filed on the day the life tenant died. It is not argued that the failure to sell the remainder in her lifetime was unreasonable. Unless there has been an abuse of the trust or a refusal for an unreasonable time to execute it, the court will leave its execution in the hands to which the testator by his will committed it. This bill, which contains no allegation of any default of the trustees, cannot be maintained instantly on the life tenant's death to compel the surviving trustee to execute the trust.

Since the complainant has no title to the land he cannot maintain a suit for partition; since there is no real question of construction of the will he cannot maintain a suit for that purpose; and since there has been no failure for an unreasonable time to execute the trust he could not, at the time of filing the bill, maintain a suit to compel the execution of the trust. The demurrer to the bill was therefore properly sustained, and the decree is affirmed.

*Decree affirmed.*