(No. 19560.—

GEORGE GOBEN *et al.* Appellants, *vs.* ELMER O. JOHNSON *et al.* Appellees.

*Opinion filed June 19, 1929.*

Dietz, J., took no part.

Benjamin S. Bell, for appellants.

Sinnett & Britton, (J. F. Harper, of counsel,) for appellees.

Mr. Chief Justice Farmer delivered the opinion of the court:

The four children of a deceased daughter and the two minor children and husband of a deceased grand-daughter of Hannah C. Johnson, deceased, filed their bill during April, 1928, in the circuit court of Rock Island county, against the executors named in Hannah C. Johnson's will and her other children, praying for the partition of approximately sixty-seven acres of land situated in that county and two lots located in the city of Moline, Illinois. Joint and several demurrers were filed by the defendants, which were sustained, and the bill was dismissed for want of equity. From that decree the complainants have prosecuted this appeal.

The facts presented by the record are substantially as follows: Hannah C. Johnson, who was almost seventy-nine years of age at the time of her death on May 13, 1925, was the owner in fee simple of the real estate described in the bill. She was survived by seven daughters, two sons and five children of a deceased daughter, who were her only heirs-at-law. By her will executed in June, 1920, the testatrix provided for the payment of all her just debts, her funeral expenses and the cost of administration of her es-

tate. She also appointed her two sons executors of her will. The second and third paragraphs of her will were as follows:

"*Second*—I give, devise and bequeath to my beloved sons, Elmer O. Johnson and Albert T. Johnson, my executors hereinafter nominated and appoint, all the rest, residue and remainder of my estate, of whatsoever name and nature and wheresoever situated, in trust nevertheless, for the following uses and purposes, to-wit:

"They shall as soon after my decease as shall be 'for the best interest of my estate, sell all said rest, residue and remainder of my estate, converting the same into cash, and the proceeds thereof I hereby direct shall be divided into ten (10) equal parts, which parts they shall dispose of as follows:

"(*a*) My said beloved son, Elmer O. Johnson, shall retain one of said parts as his own and absolute property forever.

"(*b*) My said beloved son, Albert T. Johnson, shall retain one of such parts as his own and absolute property forever.

"(*c*) They shall pay to each of my beloved children, Emma Dahlstrom, Carrie Johnson, Ida Buck, Mary Johnson, Anna Wahlstrom, Hilma Johnson and Nellie Lindbald, one of such parts, for them to have and to hold as their own and absolute property forever.

"(*d*) They shall pay to Carrie Wright, George Goben, Lewis Goben, Hannah Goben and Fannie Goben, one of such parts, for them to have and to hold as their own and absolute property forever, share and share alike.

"*Third*—And for the purpose of carrying out the provisions of this my last will and testament, I hereby give and grant unto my said beloved son, Elmer O. Johnson and Albert T. Johnson, executors hereinafter nominated and appointed, full power and authority to sell and dispose of my estate and make, execute and deliver all necessary deeds and other conveyances, as fully and completely as I could do were I living."

The will was admitted to probate in the probate court of Rock Island county and letters testamentary were issued to the two sons of the testatrix on July 14, 1925. All debts against the estate have been paid and the sons are still acting as executors under the will. In January, 1927, one of the surviving grandchildren of the testatrix died intestate, leaving as her only heirs-at-law her husband and two minor children. These three parties and the four surviving grand-

children of the testatrix filed the bill for the partition of the real property here involved and belonging to the estate of Hannah C. Johnson.

It is the contention of appellants that the testatrix intended to give to the executors power and authority to sell the real estate and make distribution among the heirs and there was no intention to create a trust estate in the executors, as trustees; that the attempted trust provided for in paragraph 2 of the will was void for failure to limit the estate as to time of sale or time of distribution; that the neglect of the executors to sell within a reasonable time forfeited their right to sell under the power of sale; that the refusal and neglect of the executors to accept the trust, as alleged in appellants' bill of complaint, caused the title in fee to remain in the testatrix's heirs-at-law, who are the same as the distributees named in her will, and that the parties to this suit are owners of the fee and are before the court as tenants in common and entitled to partition of the real estate. Counsel for appellees contend that the estate of appellants and of the other distributees under the will is personal property, and that appellants, as such beneficiaries, have no interest in the real property as entitles them to maintain a bill for partition.

The intention of the testatrix as disclosed by the language of her will must be carried out, provided such intention, when ascertained, violates no rule of law or does not contravene public policy. It is unnecessary for us to discuss at length the two paragraphs of the will as set forth in this opinion. To our minds the language used by the testatrix is plain and unambiguous. It was her intention that there should be a sale of all her property, whereby the same would be converted into cash, and the proceeds were to be divided by her executors into ten equal parts for distribution by them among her named children and grandchildren. The legal title to her property was given to her executors in trust for the purpose of such sale and the dis-

tribution of the proceeds. The direction to her executors was positive, and the only discretion given to them was as to the time when the sale should be made. Whoever takes property under a will takes it in the character impressed upon it by the testator, and where a testator devises land to be sold by his executors or trustees and the proceeds are to be divided, there is an equitable conversion and the proceeds are regarded as personal property. (*Burbach* v. *Burbach,* 217 Ill. 547, and cases there cited.) If a testator by his will simply directs his executor or trustee to sell real estate and apply the proceeds to certain specified purposes the executor or trustee will take a power of sale, only, but if there is a devise to the executor or trustee to sell and apply the proceeds as directed he will take an estate in land. (*West* v. *Fitz,* 109 Ill. 425.) A devise of real estate where the will directs the real estate to be sold and the proceeds to be distributed is regarded as a gift of money and not of land, and the legal title to the land, whether left by the will to descend to the heirs by operation of law or vested in a trustee, is held in trust for the purposes specified in the will; and it makes no difference in this respect if the legal title descends to the legatees, to whom the bequest is to be paid in money when the land is sold. (*Knight* v. *Gregory,* 333 Ill. 643.) A devise of real estate, to be sold and the proceeds divided, creates an equitable conversion of the real estate into personal property, and a bill for partition by one of the beneficiaries will not lie. *Burbach* v. *Burbach, supra; Knight* v. *Gregory, supra; Metsker* v. *Metsker,* 320 Ill. 547.

The appellants having no title to the land belonging to the estate of Hannah C. Johnson, deceased, cannot maintain a suit for partition.

The demurrer to the bill was properly sustained, and the decree is therefore affirmed. *Decree affirmed.*

Mr. Justice Dietz took no part in this decision.