(No. 26412.— )
LILLIAN BELL GREGORY KNIGHT, Appellee, *vs.* CHARLES A.
GREGORY *et al.*—(CHARLES A. GREGORY, Appellant.)

*Opinion filed Nov. 24, 1941—Rehearing denied January 15, 1942.*

F. K. LEMON, and ASA S. CHAPMAN, for appellant.

ROBERT F. WHITE, for appellee.

ASA S. CHAPMAN, for intervenors.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellee, Lillian Bell Gregory Knight, filed in the circuit court of Moultrie county the original complaint in this case on May 12, 1937, alleging the failure of Charles A. Gregory, as trustee under the will of James A. Gregory, deceased, to perform the duties imposed upon him as such trustee, and prayed that he be removed and a successor appointed to sell certain lands and liquidate the trust. A construction of said will, so as to clarify and define the duties

of the trustee, was also prayed. On hearing, the trial court denied the prayer of the complaint but allowed appellee to file an amended complaint. In accordance with that leave appellee, on September 14, 1938, filed her amended complaint, which contained the same allegations as the original complaint, and, in addition, set forth various liens, encumbrances and delinquent taxes against the trust *res,* and brought in the various creditors and assignees interested in such liens and encumbrances as parties to said suit. On trial of the issues the court found that a reasonable time had elapsed within which the trustee should have executed his trust, ordered his removal, and appointed a successor trustee, with directions to sell the real estate held in trust. Appellant trustee was ordered to file a report within sixty days. From the decree removing him as trustee appellant Gregory has appealed. The Hardware State Bank, a corporation, claiming an interest in the form of a lien on the interest of Gregory, took a separate appeal which has been heretofore dismissed on motion.

Although none of the parties to this appeal has raised the question, it is incumbent upon this court to determine whether it has jurisdiction on direct appeal. There is no such jurisdiction unless it can be said that a freehold is fairly involved. This court has frequently held that a freehold is involved, within the meaning of the statute, in cases wherein the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, or when the title to the freehold is so put in issue by the pleadings that the decision of the case necessarily involves the decision of that issue. *Harper* v. *Sallee,* 372 Ill. 199; *Coburn* v. *Macke,* 369 id. 106; *Ashton* v. *Macqueen,* 361 id. 132; *Burke* v. *Kleiman,* 355 id. 390; *Anderson* v. *Anderson,* 349 id. 40; *Cunningham* v. *Cunningham,* 303 id. 41; *Nevitt* v. *Woodburn,* 175 id. 376.

In this case Gregory does not claim to be the owner of the real estate involved but admits that he holds it in

trust under his father's will. He seeks only to defend his past administration of the trust, and to be allowed to continue as trustee. The will in this case did not vest in the trustee an estate in the land. (*Emmerson* v. *Merritt*, 249 Ill. 538; *West* v. *Fitz*, 109 id. 425.) A decree removing such trustee and requiring him to report, is not such an adjudication as deprives him of title to real estate or gives it to another person. (*Nevitt* v. *Woodburn, supra.*) Furthermore, in the previous case of *Knight* v. *Gregory*, 333 Ill. 643, this court held that the will of the testator James A. Gregory, the same will here involved, created an equitable conversion of the real estate involved in this suit. The property is, therefore, to be regarded as personalty. The question as to who are the owners of it can make no difference in the matter of jurisdiction of this court on direct appeal, as the property is personalty. No freehold is involved in appellant's appeal.

As no facts appear giving this court jurisdiction on direct appeal, the cause is transferred to the Appellate Court for the Third District.

*Cause transferred.*