(No. 26661.—

KANKAKEE FEDERAL SAVINGS AND LOAN ASSOCIATION,
Appellant, *vs.* HYMAN ARNOVE *et al.,* Appellees.

*Opinion filed September 21, 1942.*

C. M. GRANGER, and W. C. SCHNEIDER, for appellant.

GEORGE L. SHAPIRO, ARNOLD A. ROSEN, and FRANCIS
T. HOUSEHOLTER, for appellees.

Mr. JUSTICE FULTON delivered the opinion of the court:

The appellant, Kankakee Federal Savings and Loan
Association, filed in the circuit court of Kankakee county
the original complaint in this case, on August 19, 1940,
seeking to foreclose a mortgage made by Hyman and Dora
Arnove on September 20, 1937. The complaint was in the
usual form alleging the execution and delivery of the note
and the mortgage, defaults of the makers, and that Jean
Arnove, Kate Charnes and Bessie Glazer, three of the co-
defendants with the mortgagors, claim some interest in
the premises by way of lien which is subordinate to the
mortgage. The mortgagors answered, denying any default.
Three of the defendants, appellees here, daughters of Hy-
man Arnove, filed an answer claiming a prior lien under
the will of Ida Arnove, their mother, who died in 1929.

A reply to this answer was filed by appellant bank and later an answer to such reply was filed by said appellees.

The three daughters also filed a counterclaim which was answered by appellant. The controversy arises from the following facts: Ida Arnove owned the mortgaged property and died testate in 1929. By her will she devised the life use of all of her property to her husband, Hyman Arnove, and subject to said life estate, she devised the real estate to her sons, Joseph and Isadore, provided they pay to each of said daughters $1000 at the death of her husband.

Hyman Arnove remarried and the two sons conveyed their interests in the real estate to the father. The mortgage sought to be foreclosed was then made by Hyman Arnove and his wife, Dora, securing a loan of $2500.

In the counterclaim the three daughters alleged that under the mother's will the boys acquired no estate but only a possibility of a contingent remainder, and that the quit-claim deeds of the brothers to the father, conveyed nothing; that the daughters had not received their legacies and were entitled to a prior lien.

On the trial the court found the issues in favor of the appellees and entered a decree finding that the mortgage was in default and decreed foreclosure against the mortgagors, subject, however, to the lien of $3000 covering the legacies in favor of the three daughters, the same being a charge upon the fee simple title of the father and a lien prior to the appellant's mortgage.

The appellant has brought its appeal to this court on the theory that a freehold is involved, but we feel that this record does not fairly present any such question. In *Knight* v. *Gregory,* 378 Ill. 565, the court said, "This court has frequently held that a freehold is involved, within the meaning of the statute, in cases where the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, or when the title to the free-

hold is so put in issue by the pleadings that the decision of the case necessarily involves the decision of that issue." In *Harper* v. *Sallee*, 372 Ill. 199, it was held that in order for this court to entertain jurisdiction of a direct appeal upon the ground that a freehold is involved, the freehold must be directly, and not collaterally, contingently or incidentally involved. In the case of *Wright* v. *Risser*, 378 Ill. 72, cited by appellant, this court held that a suit by a trustee in bankruptcy to set aside deeds in fraud of creditors involved a freehold because title to and not a lien on real estate was involved.

In this case the appellant makes no claim of ownership of the real estate involved and neither do the three daughters who are appellees. The strife or controversy between them is not over the title to real estate but solely as to which is entitled to the prior lien. The bare allegation in the counterclaim that the brothers under the will of their mother acquired no estate but only a possibility of a contingent remainder does not necessarily mean that a question of freehold is fairly involved. There was no request for a construction of the will, the brothers were not made parties to the counterclaim, and the decree makes no mention of such question having been argued. Neither the appellant nor the daughter appellees can hope to gain or lose a freehold estate, nor do the pleadings require, primarily, a decision on that issue. The question of freehold is only collateral or incidental to the controversy.

As sufficient facts do not appear giving this court jurisdiction on direct appeal, the cause is transferred to the Appellate Court for the Second District.

*Cause transferred.*