Lillian Bell Gregory Knight, Appellee, v. Ginevra F. Wacaser et al., Appellees. Charles A. Gregory, Charles A. Gregory, Executor of Last Will and Testament of James A. Gregory, and Administrator of Estate of Sarah Estella Gregory Donovan, Deceased, Appellant.

Gen. No. 9,340.

Opinion filed October 29, 1942. Rehearing denied February 2, 1943.

ASA S. CHAPMAN, of Champaign, F. K. LEMON, of Clinton, and LITTLE & FINFROCK, of Urbana, for appellant.

ROBERT F. WHITE and WM. C. INGRAM, both of Sullivan, for appellees.

MR. JUSTICE HAYES delivered the opinion of the court.

James A. Gregory died testate on October 14, 1927, a resident of Moultrie county, Illinois, owning 265 acres of land in that county and a house and two small vacant lots in the village of Lovington. The second clause in his will, which has been admitted to probate, is as follows: "Second: After the payment of such funeral expenses and debts, I direct my estate both real and personal to be distributed as follows, viz: To my son, Charles A. Gregory two shares; To my daughter, Estella Donovan one share; To my daughter Lillian B. Knight one share and to my daughter Ginevra F. Wacaser one share and to my grandson, Gregory Pritchard one-half share. The sale and distribution of my estate after my death is to be left entirely to the judgment of my son, Charles A. Gregory, in whom I have the utmost confidence, both as to his ability and integrity." At the time of decedent's death 80 acres of the farm land was mortgaged to the Trevett-Mattis Banking Company of Champaign, Illinois to secure the payment of a promissory note for $6,000 due March 12, 1922, which maturity date was subsequently extended to April 1, 1932. On December 9, 1927, Lillian B. Knight, one of testator's children and devisees and the plaintiff in this cause filed a bill in the circuit court of Moultrie county to partition testator's real estate. This petition was denied

and an appeal was taken to the Supreme Court where it was held that an active trust was established by the clause above quoted in the will of James A. Gregory and an equitable conversion of the real estate created. The decree of the circuit court was therefore affirmed. *Knight v. Gregory*, 333 Ill. 643.

On February 26, 1937, the Trevett-Mattis Banking Company filed a complaint in the circuit court of Moultrie county to foreclose its mortgage. Subsequently the banking company agreed not to press its foreclosure proceedings until it was determined whether the entire 265 acre tract of farm land could be sold as a unit. Instead, it took possession of the 80 acres subject to the mortgage and applied the income therefrom to the principal and interest of its indebtedness.

This action was begun by Lillian B. Knight on May 12, 1937 to construe the will of James A. Gregory in order to define the duties of Charles A. Gregory, trustee and in addition sought the removal of Gregory as trustee and the appointment of a successor who should be directed to sell testator's real estate and liquidate the trust estate. Charles A. Gregory both as an individual and as executor and trustee was made a defendant together with the other beneficiaries and heirs of deceased beneficiaries under the will of James A. Gregory deceased. A hearing was had upon the original complaint and at its close, Mrs. Knight sought and obtained leave of court to file an amended complaint. The amended complaint added to the original complaint, allegations setting forth various liens and encumbrances on the trust *res* and on the shares of several of the *cestuis que trust,* added as parties, subsequent assignees and judgment creditors of various beneficiaries and included as an alternative prayer for relief a request for partition. Motions to dismiss were filed by various defendants which were taken under advisement by the circuit court and later over-

ruled. Finally on January 22, 1941, a hearing was held on the amended complaint. At the close of the hearing the court found for plaintiff and among other things ordered the removal of Charles A. Gregory as trustee and the appointment of a successor trustee who was directed to sell the property at public sale. Charles A. Gregory appealed to the Supreme Court from this portion of the decree but the cause was transferred here because no freehold was involved. *Knight v. Gregory,* 378 Ill. 565.

It is Gregory's contention that by the terms of the will of his father he was empowered to sell testator's real estate at any time he saw fit and that because of unfavorable market conditions he acted reasonably in deferring its sale. He further contends that there is no proof that he has mismanaged the property or of any conduct justifying his removal. Mrs. Knight, on the other hand, argues that he has delayed an unreasonable length of time in selling the trust *res* and that he has been guilty of gross misconduct in its administration.

It appears from the record that of the 265 acres of farm land only about 160 acres are tillable. The remainder is pasture and timber land cut by roads and a river. The farm is conveniently located near town and can be advantageously operated as a stock farm. Prior to testator's death, Gregory himself occupied it. Thereafter he leased it to several tenants, leaving his own stock and equipment there for the use of the tenants. It appears that over a period of years most of this stock and equipment was converted by the tenants, causing Gregory a loss of about $4,500. The farm has been operated at a loss for several years, taxes were allowed to default, part of it was sold for taxes in 1938 but later redeemed by Gregory after this suit was filed. The improvements on the farm were old and have been allowed to deteriorate even further although some necessary repairs have been

made. During most of the period of his trusteeship, Gregory has rented the house in Lovington to himself for $15 per month. In 1939, the house was damaged by fire and Gregory collected $1,500 fire insurance for the trust estate. He spent about $300 to repair the roof but has not repaired the damage to the interior. As a result, the house is not now occupied. He further testified to four attempts to sell the farm property. Three of them were merely conversations in which the possibility of a sale was discussed but no price made to the prospective purchasers. The fourth was an unsuccessful attempt by the trustee to sell the property to the State for a forest preserve.

Gregory seeks to justify the present condition of the estate and his failure to liquidate the real estate by calling attention to the depression starting in 1930, which destroyed the market for farm property and restricted farm income. It should be noted, however, that from 1927 to 1930 the market for real estate was good and for the past few years, sales of farm property have increased and profits made. We believe that the circuit court was justified in finding that Gregory has delayed selling the real estate for an unreasonable length of time and correctly ordered a sale of the property especially since the income therefrom is insufficient to pay interest, taxes and other necessary expenses. *Teater v. Salander,* 305 Ill. 17; *Suiter v. McWard,* 328 Ill. 462. We are further convinced that the court properly ordered the removal of Gregory as trustee and the appointment of a successor. While it is well established in this State that a court of equity will not remove a trustee appointed by will unless he is proved to have been faithless to his trust, or has failed to act in accordance with his testator's intentions (*La Forge v. Binns,* 125 Ill. App. 527), it is a court's duty to so act where the object of the trust is being frustrated. *Mannhardt v. Illinois Staats Zeitung Co.,* 90 Ill. App. 315; *Metsker v. Metsker,* 320 Ill.

547. It is clear in the present case that James A. Gregory intended his trustee to sell his real estate within a reasonable time and distribute the proceeds so that the beneficiaries of his will might enjoy his estate. Instead of carrying out this intention his trustee has failed to act for over 14 years, during which time there have been at least two periods when the market for farm land has been reasonably good. It must have been apparent to the trustee that the property, whether through his own mismanagement or because of unfavorable economic conditions, had begun to deteriorate and was unable to carry its own fixed charges. Under these circumstances, it was his duty to exert even greater efforts to dispose of the property in order that the trust *res* would not be dissipated. We believe that Charles A. Gregory has been guilty of negligence in managing the estate confided to his control and that his conduct justifies his removal.

The circuit court also found in its decree that the interest of Mrs. Knight was subject to the lien of a judgment in favor of the Plainfield State Bank, that the interest of Charles A. Gregory was subject to the lien of a judgment held by the Hardware State Bank; that the interest of Sarah Estella Donovan, one of the beneficiaries under the will who died after the death of her father, was subject to any claims against her estate and that her share of the trust estate on liquidation should be paid to her administrator. The court further held that the interest of all the beneficiaries was subject to the lien of the Trevett-Mattis Banking Company on the tract described in the mortgage, and to all unpaid claims and expenses of administration allowed against the estate of James A. Gregory the testator. Within 30 days after the decree was entered, certain heirs at law of O. H. Castle deceased, residents of Louisiana, filed their verified petition in this cause, asking leave to intervene and to have the decree modified. The Castle heirs claim under an as-

signment executed by Charles A. Gregory of his interest in his father's estate to O. H. Castle in November 1937, which assignment was not recorded or filed in Moultrie county until January 26, 1939 when it was filed in the county court there. A hearing was had on this petition whereupon the court permitted the intervention and modified its decree, reserving for future determination the rights of the Castle heirs, the Hardware State Bank, the Plainfield State Bank and all other creditors and assignees of the various beneficiaries to share in the distribution of the trust estate. The Hardware State Bank has appealed from this order, contesting the right of the Castle heirs to intervene and seeking to set aside the order modifying the decree. The bank has cited numerous cases holding that a third party may not intervene in a cause after final decree but we do not deem it necessary to discuss them at length. In each of them, the party intervening sought a hearing on the merits of the case. In such cases it is settled law that "after a cause has been heard and determined between the parties there can be no intervention by a third person." *Haase v. Haase,* 261 Ill. 30. In the present case, however, the Castle heirs are not concerned in the merits of the controversy between the trustee and beneficiaries under the will of James A. Gregory. They are merely seeking to assert their rights to the distributive share of Charles A. Gregory when the trust is liquidated. We believe the circuit court properly exercised its discretion in allowing them to intervene.

The order of the circuit court reserving for future determination the right of conflicting claimants to the shares of various beneficiaries cannot now be reviewed here. By so modifying its order that court did not finally decide that the judgment of the Hardware State Bank was not a prior lien upon the share of Charles A. Gregory but rather deferred its decision on this question until the rights of all parties could be

more fully considered.  It is therefore clear that this portion of the decree as amended is not final and hence is not appealable by the bank.

The judgment of the circuit court of Moultrie county is therefore affirmed.

*Judgment affirmed.*