(No. 28129.—

LILLIAN BELL GREGORY KNIGHT *vs.* CHARLES A. GREGORY *et al.*—(ARTHUR ROGERS *et al.*, Appellants, *vs.* J. R. DRAKE, Admr., Appellee.)

*Opinion filed March 21, 1945.*

Asa S. Chapman, of Champaign, for appellants.

White & Ingram, of Sullivan, for appellee.

Mr. Chief Justice Fulton delivered the opinion of the court:

James A. Gregory died testate a resident of Moultrie county on October 14, 1927. The pertinent part of Gregory's will, which was duly admitted to probate, follows: "*Second*—After the payment of such funeral expenses and debts, I direct my estate, both real and personal to be divided into five and one-half shares to be distributed as follows, viz: to my son, Charles A. Gregory two shares; to my daughter Estella Donovan one share; to my daughter Lillian B. Knight one share; and to my daughter Ginevra F. Wacaser one share and to my grandson Gregory Prichard one half share. The sale and distribution of my estate after my death to be left entirely to the judgment of my son, Charles A. Gregory, in whom I have the utmost confidence, both as to his ability and integrity."

The controversy is between appellants, Arthur Rogers and Sybil Rogers, assignees of the heirs-at-law of Estella Donovan, one of the original beneficiaries under the will of James A. Gregory, on the one hand, and appellee, J. R.

Drake, as administrator. *de bonis non* of the estate of Estella Donovan, on the other.

Arthur Rogers and Sybil Rogers claim that the share of Estella Donovan in James Gregory's estate, now reduced to cash, should go to them intact. J. R. Drake claims that the share of Estella Donovan should be paid to him as administrator *de bonis non* of Estella Donovan's estate, and made subject to the payment of claims filed against Estella Donovan's estate.

The will of James A. Gregory has been the subject matter of considerable prior litigation in this court and in the Appellate Court. *Knight* v. *Gregory,* 333 Ill. 643; *Knight* v. *Gregory,* 378 Ill. 565; *Knight* v. *Wacaser,* 317 Ill. App. 162.

We held in *Knight* v. *Gregory,* 333 Ill. 643, on a bill for partition brought on December 9, 1927, by Lillian B. Knight, another of the original beneficiaries of James A. Gregory, that the above-quoted provision of the will effected an equitable conversion of the real estate into personal property, and, in addition, that an active trust was created with Charles A. Gregory, as trustee. The decree of the circuit court of Moultrie county, dismissing Lillian B. Knight's 1927 bill for partition for want of equity, was affirmed.

Approximately ten years later, on May 12, 1937, the same Lillian B. Knight filed in the circuit court of Moultrie county a bill to construe the will of James A. Gregory to define the powers of the trustee thereunder and to remove Charles A. Gregory as trustee. On January 22, 1941, the circuit court of Moultrie county, on the amended complaint of Lillian B. Knight, entered a decree which *inter alia* removed Charles A. Gregory as trustee, appointed one Robert Martin as trustee under the last will and testament of James A. Gregory, deceased, and directed the said Martin to reduce the real estate to cash, which was done by a sale approved July 13, 1943. The January 22, 1941, decree also found the interest of Arthur Rogers and Sybil

Rogers to be a two-elevenths part "subject, however, to any claims or judgments heretofore rendered against said estate of Sarah Estella Gregory Donovan, in the court having jurisdiction of the probate thereof." This decree further found that the interest of Estella Donovan should be paid to the duly appointed, qualified and acting administrator of the estate of Estella Donovan. The findings of the circuit court concerning the disposition of Estella Donovan's share later ripened into decrees having finality by the filing, in the circuit court proceedings, of motions by both Arthur and Sybil Rogers, and J. R. Drake, administrator *de bonis non,* each asking that the fund be paid to them. The circuit court denied the motion of the Rogers' and granted the motion of the administrator *de bonis non.* From this decree Arthur and Sybil Rogers perfected an appeal to the Appellate Court of the Third District of Illinois, which court affirmed the action of the trial court and directed the trustee under James A. Gregory's will to pay the share of Estella Donovan to her legally appointed administrator. It should be stated that also involved in an appeal from the decree of the trial court were the interests of Belle W. Castle *et al.,* who were the heirs-at-law of one O. H. Castle, who, in turn, was the assignee of the interest which Charles A. Gregory had in the estate of his father, James A. Gregory. As to the O. H. Castle heirs, the trial court held that the *inter vivos* assignment of Charles A. Gregory was not effectual to cut off the rights of execution creditors to the funds in the hands of the trustee under the will of James A. Gregory. The two appeals were consolidated in the Appellate Court and it was there held that section 49 of the Chancery Act protected the funds of Charles A. Gregory in the hands of the trustee, and that the circuit court of Moultrie county was in error in attaching a lien in favor of Charles A. Gregory's creditors to the fund transferred *inter vivos* by Charles A. Gregory to O. H. Castle. That portion of the trial court's

decree was reversed. As to the claim of Arthur and Sybil Rogers, the Appellate Court affirmed the trial court, and it is from this decision of the Appellate Court that we granted appellant herein leave to appeal. This appeal does not involve the Castle heirs in any way.

Before a consideration of the questions involved, certain further pertinent facts should be outlined. Estella Donovan died intestate in Cook county, Illinois, on December 5, 1931. On December 9, 1931, her only heirs assigned their interest to Arthur Rogers and Sybil Rogers. The instrument was acknowledged and filed for record in Moultrie county on December 21, 1931. The assignment provided that it was subject to a certain judgment in favor of Merchants and Farmers State Bank of Sullivan, Illinois, against "Stella" Donovan and I. Donovan for $459.78, and also subject to all funeral expenses of Sarah Estella Gregory Donovan and subject to all monies advanced by Charles A. Gregory to her. On December 18, 1931, letters of administration in the estate of Estella Donovan were issued out of the county court of Moultrie county to Charles A. Gregory. No inventory was filed in the Donovan estate, but a claim for $627.32 was filed by the receiver of the Merchants and Farmers State Bank which had obtained a judgment against Mrs. Donovan prior to her death. This claim was allowed by the court on February 12, 1938, and later assigned to J. R. Drake. On January 14, 1938, a second proceeding for administration in the estate of Estella Donovan was begun, this time in Cook county, and Stanley Davies was appointed administrator by the Cook county probate court. The Cook county administration was closed on January 6, 1940, and Davies discharged as administrator, the estate being described as a "no asset" estate. On or about January 21, 1938, Charles A. Gregory filed in the county court of Moultrie county a final report and petition for discharge in the estate of Estella Donovan. The county court of Moultrie county

did not approve the final report of Charles A. Gregory, but appointed J. R. Drake, assignee of the claim of the Merchants and Farmers State Bank, as administrator *de bonis non.*

The precise question involved here has not been passed upon by this court. Appellants'. contention is that when Estella Donovan died in 1931, the only interest which she had in the estate of James A. Gregory was a right, equitable in nature, to receive at some future date a share in the proceeds of the trust fund. Appellants further contend that this right of Estella Donovan was not subject to attack by a creditor's bill. They further contend that the trust fund itself, while in the hands of Charles A. Gregory, trustee, was likewise immune from claims of creditors until after actual distribution of the fund, and, in case of the death of a *cestui que trust* before distribution, the protection of the fund by the statute continues until the fund is distributed; that such equitable estate of the *cestui* is not available for the payment of debts of the *cestui* and passes to her heirs upon her death and not to her administrator.

Section 49 of the Chancery Act (Ill. Rev. Stat. 1943, chap. 22, par. 49,) provides in part as follows: "Whenever an execution shall have been issued against the property of a defendant, on a judgment at law or in equity, and shall have been returned unsatisfied, * * * the party suing out such execution may file a complaint against such defendant, and any other person, to compel the discovery of any property * * * belonging to the defendant, and of any property, * * * due to him, or held in trust for him, and to prevent * * * the payment or delivery thereof to the defendant, except when such trust has, in good faith, been created by, or the fund so held in trust has proceeded from, some person other than the defendant himself. The court shall have power * * * to prevent such transfer, payment or delivery, and to decree satisfaction of the sum remaining due on such judgments,

out of any personal property, * * * belonging to the defendant, or held in trust for him, with the exception above stated, * * *."

Appellants argue that section 49 of the Chancery Act created a special class of exempt property and was designed to protect absolutely the *corpus* of a trust estate from ever being reached to satisfy the claims of creditors of the beneficiary before distribution. Section 49 of the Chancery Act, in our opinion, is not an exemption statute. It is true that in giving effect to the common law the legislature did specifically and definitely exclude from the operation of the section all assets held for administration by an active trustee where the fund proceeded in good faith from someone other than the defendant in the creditors' suit.

We are not here concerned with a creditor attempting to reach, by creditor's bill or otherwise, any assets held in trust, nor with an administrator similarly acting in behalf of creditors. Here, there are two questions to be decided: (1) Did Estella Donovan at her death possess a present legal or equitable right of value? (2) If she did, is there any legal reason why that property should not be administered as other property under section 1 of the Descent Act? (Ill. Rev. Stat. 1929, chap. 39, par. 1.) The appellants concede that, at the time of her death, Estella Donovan had a present valuable vested right in connection with the estate of James A. Gregory. This right was, as pointed out by appellants, the right to receive at some future time her distributive share in the trust fund. It was not a present possessory right in the fund itself, but a right to participate at some future time. This right had present value and could be sold or assigned. Appellants' whole claim here is based on an assignment of that right by Mrs. Donovan's heirs.

Appellants rely strongly on the case of *Potter* v. *Couch*, 141 U. S. 296, and the line of cases in this court beginning with *Steib* v. *Whitehead*, 111 Ill. 247. The United States

Supreme Court in *Potter* v. *Couch* construed section 49 of the Illinois Chancery Act as exempting from attachments for debts of a beneficiary funds in the hands of an active trustee. In *Steib* v. *Whitehead* we held, without any reference to section 49 of the Chancery Act, that, under a so-called spendthrift trust, funds in the hands of the trustee could not be attached by the creditors of the beneficiary. It should be noted at this point that the trust in this case is not a spendthrift trust but merely an active trust. In view of section 49 of the Chancery Act, however, all active trusts, which otherwise qualify, come under the doctrine of *Steib* v. *Whitehead*. With these authorities and others of a similar nature cited by appellants we agree. These authorities are, however, concerned only with an interpretation of the rights of creditors seeking redress against funds in the hands of a trustee under either a spendthrift trust or an active trust qualifying under section 49 of the Chancery Act. The situation in the case before us is vastly different. Here, the administrator states that at her death Estella Donovan had something of value, to wit: a right someday to share in a fund arising out of a sale of property in her father's estate, and as administrator he is entitled to have and administer it for what it is worth for the benefit of creditors. The mere fact that the administrator did not immediately force distribution is of no consequence.

From the will of James A. Gregory it appears clear that it was the intention of the testator to devise directly two elevenths of his estate to his daughter, Estella Donovan. The sale and distribution were left entirely to the son, Charles A. Gregory. Estella Donovan died in December, 1931. On December 18, 1931, letters in her estate were issued out of the county court of Moultrie county to Charles A. Gregory. Her husband and daughter assigned all of Estella's interest to the appellants, Arthur and Sybil Rogers. Estella had executed a note in Janu-

ary, 1930, and this was filed as a claim in 1936, and allowed in the county court, and affirmed in the circuit court as a debt against her estate. There was no transfer of the land to Charles A. Gregory under the will of James A. Gregory. There was merely a direction to sell which made him a trustee by operation of law to the extent that the sale required it. The will of the father, because of an equitable conversion, transferred personal property directly to Estella Donovan. (*Knight* v. *Gregory,* 333 Ill. 643.) The will did not vest any real estate in Charles A. Gregory. (*Knight* v. *Gregory,* 378 Ill. 567.) Therefore section 49 of the Chancery Act does not apply because there was not a gift by the father in trust, but directly.

Personal property upon death passes directly to personal representatives and is subject to debts. The application of section 49 requires a trust to be created by, or the fund proceed from, another person. The funds here are in the hands of the executor. The trust was not created by Estella's father, nor did the fund proceed from him. The trust here is created by the act of the law in that it impresses the duty upon the executor to sell.

*Steib* v. *Whitehead,* 111 Ill. 247, and *Potter* v. *Couch,* 141 U. S. 296, are cases where the fund came directly from the person making the will and the beneficiary, therefore, obtained the fund from another person who owned it before her. The executor here did not own the fund only to the extent it is necessary to convert land into money. The trust in those two cases was expressly for the purpose of protecting the income, and came squarely under the statute, while here the only trust was made by law, and that only to the extent sufficient to give the executor power to make a sale and distribute the funds. He never owned the share here involved.

We hold, therefore, that the right which Mrs. Donovan had to share some day in the fund arising out of the sale

of the James A. Gregory property descended to the administrator *de bonis non* of her estate.

The judgment of the Appellate Court affirming the order of the circuit court of Moultrie county, directing that the share in the said fund be paid to the duly appointed, qualified and acting administrator of the estate of Estella Donovan, is affirmed.

*Judgment affirmed.*