## GREENE v. MURPHY.

### Civ. No. 3111–50.

United States District Court
District of Columbia.

March 20, 1952.

George A. Hospidor, Washington, D. C., for plaintiff.

Stanley H. Fischer (Buckley & Danzansky), Washington, D. C., for defendant.

PINE, District Judge.

This is an action under Sec. 16–1301, D.C. Code 1940, for partition by sale and division of proceeds of certain improved real estate consisting of a lot and dwelling thereon in the District of Columbia.

Prior to her death this property was owned by Mary E. Greene, who used it as a

residence. She died on February 14, 1934. Surviving her as her sole heirs at law and next of kin[1] were plaintiff and defendant. Plaintiff is her grandson and is the child of a deceased son who died in France in 1918 as a result of an accident connected with military service. Defendant is her daughter. Plaintiff is now about 34 years of age. Defendant is much older. The parties were on good terms until shortly before this suit was filed. At the time of decedent's death, defendant resided with her, and she had resided with her continuously since 1928. Plaintiff, then about 15 years of age, lived elsewhere with his mother.[1]

After her death, her will dated October 2, 1930, was filed and admitted to probate and record. It was on a printed form, on which were written by hand certain dispositions hereinafter referred to. The handwriting is obviously not that of the testatrix, and it appears to be the handwriting of one of the two witnesses who was said not to be available to give testimony. Neither was the other witness called.

By this will, she first bequeathed to defendant her gold watch and a man's diamond ring; next, she bequeathed all the rest and residue of her personal property in equal shares to defendant and plaintiff; next, she referred to and described the above-mentioned real estate and then directed that "on consent" of defendant it "be sold and the proceeds after all expenses incident to sale are paid be divided equally between" defendant and plaintiff; next, she bequeathed and devised all the rest and residue of her estate, real, personal, and mixed, to defendant and plaintiff, share and share alike as tenants in common; and lastly, she nominated defendant executrix and desired that she be not required to give bond. Aside from personalty of small value,[2] her estate consisted solely of the real estate in question.[1]

Defendant has lived in the dwelling since the death of testatrix, and plaintiff took no steps to enforce his rights until shortly before filing this suit on July 19, 1950. He was an infant until 1939, and thereafter was in the military service for about two years between 1945 and 1947.

Plaintiff contends that he and defendant are tenants in common, and that he is entitled to partition by sale and an accounting from defendant. Defendant contends that the intent of the testator was to give her a life estate in the property and an intent that the property should not be sold without her consent.

These contentions require a construction of the will. The intention of testatrix, which is paramount, must therefore be determined. In making such determination, I must consider the will in its entirety[3] in the light of the surrounding facts and circumstances.[4] It is clear that her underlying intention was to divide her entire estate, except the watch and ring, equally between her daughter and her deceased son's child, her sole heirs and next of kin. Such a basic intent, so clearly established, is repugnant to defendant's claim to an antecedent life estate or an estate terminable by her consent unless there can be read into the will by construction an intention to postpone enjoyment by plaintiff of the benefits of equal division until his aunt died or she consented thereto. Her consent can never be expected if her self-interest shall control in the future as it has in the past; and consequently, under such claim, plaintiff in effect would receive a tenancy in common with defendant's heirs, or a tenancy subject to her life estate. The will does not expressly give her such an estate or any estate except a tenancy in common, and I can find no basis for reading a life estate into it by virtue of the direction for a sale on defendant's "consent." As I

1. See Probate papers in Adm. 46469 in the court, of which judicial notice is taken.

2. The distributive share of each party hereto was $64.75—see Adm. 46469, supra.

3. Stone v. Stokes, 82 U.S.App.D.C. 299, 163 F.2d 704; Walker v. Thomas, 64 App.D.C. 148, 75 F.2d 667, 99 A.L.R. 713.

4. Pyne v. Pyne, 81 U.S.App.D.C. 11, 154 F.2d 297; Baker v. National Savings & Trust Co., 86 U.S.App.D.C. 161, 162, 181 F.2d 273.

construe this direction, in the light of the surrounding circumstances, testatrix intended to lodge in defendant the right and duty to determine the time and terms of a sale [5] by requiring her consent or approval to one. It is reasonable to infer that she wished the benefit of defendant's mature judgment in making such determination, in the exercise of which she would take account of the best interests of herself and her infant nephew. In other words, while not expressly giving her title as trustee with power to sell, she purportedly gave her something akin to it, namely, a discretion as to the time and terms of sale. But such discretion, assuming its legal efficacy, would not connote a life estate or the power to prevent a sale indefinitely. The provision itself contemplates a sale and distribution, and it cannot be construed as a negation of the other provisions of the will. All it gave her was a discretion which must be exercised at some time within reason and in a manner consonant with such intention. Cases where property has been conveyed to trustees with power of sale are apposite, and announce the same rule.[6] Indeed, it might well be argued that testatrix inartificially intended such a trusteeship. On the present record she has failed to exercise the discretion reposed in her for 18 years, and she should not be permitted to frustrate the intention of the testatrix any longer.

The claim of defendant to title by adverse possession has been withdrawn, in view of the Soldiers and Sailors Relief Act,[7] and need not be further considered.

However, the claim of defendant that plaintiff's laches precludes him from an accounting is pressed. The statute, Sec. 16–1301, D.C.Code 1940, provides that in

case of partition, a tenant in common who may have received the rents and profits of the property to his own use may be required to account to his cotenants for their respective shares of said rents and profits, and that any amounts found to be due on said accounting may be charged against the share of the party owning the same in the property, or its proceeds in case of sale.

■ As above stated, plaintiff attained his majority in 1939 and did not bring this action until 1950. He was in the military service between 1945 and 1947, and for a part of that time was out of the country. Defendant has had the advantage since 1934 of occupancy of the dwelling and certain income from room rentals, but she also claims she has paid off in full the second trust on the property in the amount of $300, and has reduced the first trust from $4,500 to approximately $3,500, has paid for improvements, and has paid the taxes, interest, and other charges ordinarily incident to the maintenance of the property.[8] An accounting will charge her with what she has received [9] and give her credit for what she has paid out.

Assuming, arguendo, that plaintiff has been negligent in enforcing his rights, I fail to find it inequitable to order an accounting, in view of the fact that on an accounting defendant can receive full credit for her proper disbursements.

Partition and sale as prayed will be granted, and the case referred to the Auditor for an accounting between the parties. This opinion will suffice for, and be considered as, findings of fact and conclusions of law, but counsel will submit judgment in accordance herewith.

5. A sale other than by partition in case of infants is authorized by Sec. 21–213, D.C. Code 1940.

6. Kintner v. Jones, 1890, 122 Ind. 148, 23 N.E. 701; Munford v. Peeples, 1921, 152 Ga. 31, 108 S.E. 454; Metsker v. Metsker, 1926, 320 Ill. 547, 151 N.E. 539; Shoemaker v. Newman, 1933, 62 App.D.C. 120, 65 F.2d 208, 89 A.L.R. 1034, certiorari denied 290 U.S. 656, 54 S.Ct. 72, 78 L.Ed. 568; Knight v. Wa-

caser, 1942, 317 Ill.App. 162, 46 N.E.2d 176.

7. Act of Oct. 17, 1940, c. 888, 54 Stat. 1178, Title 50 U.S.C.A.Appendix, § 501–585.

8. Answer and probate papers in Adm.No. 46469.

9. No charge can be made for her occupancy of the property. Allen v. Jones, 56 App.D.C. 245, 12 F.2d 186.